No. 18,923.

MILDRED CLINE, ETC. *v.* J. EUGENE WHITTEN,
STATE ENGINEER, ETC.
(355 P. [2d] 306)

Decided September 19, 1960.

Mr. FOSTER CLINE, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant,
for defendants in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in the same order as they appeared in the trial court. We refer to them as plaintiffs and defendants.

Plaintiffs in their complaint (labeled petition) allege:

That they are the owners of lands located in Sections 2, 11 and 12, Township 9 South, Range 76 West, Park County, Colorado;

That there are springs on Section 2 from which there is a constant flow of water which is not tributary to any natural stream and which percolates into the soil and some of which flows onto Section 11, where it is collected into a reservoir constructed thereon and from which it is at times, in part at least, diverted and used to irrigate lands in Section 12, which is below the reservoir;

That plaintiffs have for many years used said water for stock purposes and for irrigation of lands in Section 12, and they desire to store said water in said reservoir for the aforesaid purposes and also for fish culture;

That defendants have heretofore interfered with plaintiffs' rights to store said water in said reservoir and threaten to continue to so interfere.

Plaintiffs pray for an order permitting them:

" * * * to store the water * * * in the reservoir * * * for such purposes as they may desire including fish culture, stock water and irrigation purposes *without interference in any way by the Defendants or their successors in office.*" (Emphasis supplied.)

The defendants filed a motion to dismiss plaintiffs' complaint for the reason that the same:

" * * * fails to state a claim against the defendant on which relief may be granted; and, more specifically, that the petition discloses on its face that the relief sought by petitioner is obtainable only in a proceeding for the adjudication of the rights to the use of water of all par-

ties in the water district in which the alleged right is located, and such remedy by statutory adjudication is exclusive; and that the relief available thereunder cannot be obtained in an action against the State Engineer."

The trial court sustained defendants' motion, ordered plaintiffs' complaint dismissed and dispensed with the filing of a motion for a new trial.

Plaintiffs are here by writ of error seeking reversal.

■ There are no Colorado constitutional or statutory inhibitions against a person on whose lands spring water arises, which water is not tributary to and does not enter a natural stream, from using said water on his lands. On the contrary, C.R.S. '53, 147-2-2, expressly provides that the person on whose lands spring water first arises has the prior right to the use thereof:

"All ditches constructed for the purpose of utilizing the waste, seepage or spring waters of the state, shall be governed by the same laws relating to priority of right as those ditches constructed for the purpose of utilizing the water of running streams; provided, that the person upon whose lands the seepage or spring waters first arise, shall have the prior right to such waters if capable of being used upon his lands."

In *Haver v. Matonock,* 79 Colo. 194, 244 Pac. 914, the owner of an adjudicated water right sought to enjoin an owner of land on which spring water arose from using said waters on his lands. After trial the court found that the spring waters were not tributary to and never did or could reach any natural stream and, having so found, denied the injunction.

■ The case at bar is the converse of the above case and the court should have determined whether the spring waters were nontributary as alleged. To deny to plaintiffs the right to establish this alleged fact, which if established would have entitled them to relief, was error.

Plaintiffs, by the allegations of their complaint, have brought themselves within the protection afforded by the above statute, and in so doing have asserted a statu-

tory right to the use of the spring water, with which it is alleged defendants have interfered and threaten to continue so to do.

If plaintiffs have such right, the defendants are not authorized to interfere with the lawful exercise thereof.

An owner of water rights is entitled to injunctive relief against anyone who interferes with and threatens to continue to interfere with the exercise of such rights. *Faden v. Hubbell,* 93 Colo. 358, 28 P. (2d) 247.

Defendants' contention that only adjudicated water rights can be protected from interference is without merit. Adjudication only confirms pre-existing rights.

In *Cresson Co. v. Whitten,* 139 Colo. 273, 338 P. (2d) 278, it is said:

"A decree in a water adjudication is only confirmatory of pre-existing rights; the decree does not create or grant any rights; it serves as evidence of rights previously acquired."

Plaintiffs' complaint states facts which if proven entitles them to injunctive relief against persons interfering with their alleged rights.

The judgment is reversed and the case remanded with instructions to deny the motion for dismissal, and for further proceedings not inconsistent with the views herein expressed.

Mr. Justice Frantz and Mr. Justice Doyle concur.