**Mrs. Ray E. MORROW, Appellant,**

**v.**

**A. L. MORROW, Appellee.**

**No. 16568.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1964.

Paul Donald, Bowie, for appellant.

Marvin F. London, Bowie, for appellee.

LANGDON, Justice.

This is an appeal from an order overruling a plea of privilege.

The form of the note which is the basis of the suit was one used by the First National Bank of Jacksboro, Texas and is essentially the same form as was approved in the case of Yanta v. Davenport, 323 S.W.2d 636 (San Antonio Civ.App., 1959, dism.).

The name of the Bank as payee was crossed out and the name of A. L. Morrow, appellee, was substituted as payee. The name of the Bank as the place of payment

was also crossed out. With these changes the portions of the note material to this appeal may be described as follows: It was dated at Jacksboro, Texas and was payable to the order of A. L. Morrow Jacksboro, Texas "at of Jacksboro, Texas."

The single question to be resolved by this Court is whether or not the parties in executing the promissory note contracted that payment thereof should be made in Jacksboro, Texas.

To hold that the note is payable at Jacksboro does not require the court to read the word "at" into the language of the note by implication because the word is contained in the note. Helms v. Home Improvement Loan Co., 294 S.W.2d 165 (Dallas Civ.App., 1956, dism.). In our opinion the language of the note is plain. It requires no construction to fix venue by implication. The opinion of the Supreme Court in Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; the Helms case, supra, and Williams v. James, 308 S.W.2d 528 (Fort Worth Civ.App., 1957, no writ hist.) have no application to the facts of this case because the place of payment other than the payee's domicile was expressly written into the note. See Tatum v. Home Improvement Loan Co., 300 S.W.2d 215 (Waco Civ.App., 1957, no writ hist.).

We are of the opinion that the court did not err in holding venue in Jack County under subdivision 5 of Art. 1995, Vernon's Ann.Tex.Civ.St., because the instrument relied upon expressly named Jack County as the place at which payment was to be made and the word "of" was mere surplusage.

Generally the presence of unnecessary words or recitals will not invalidate an instrument provided the meaning thereof is not altered or rendered uncertain. 25 A.L.R.2d 1136, VI. Surplusage; Deace v. Stribling, 142 S.W.2d 564 (Austin Civ. App., 1940, no writ hist.).

Surplusage is matter in any instrument which is unnecessary to its meaning

and does not affect its validity; "whatever is extraneous, impertinent, superfluous, or unnecessary. In procedure 'surplusage' means matter which is not necessary or relevant to the case, and which may be rejected." 83 C.J.S. p. 916.

The issue involved on this appeal concerning the presence of the extra word "of" in the note may be compared to a man's hat with a feather tucked into the hatband. Whether the feather is removed or left on the hat it is still a hat. Its identity as a hat is unchanged regardless of what disposition is made of the feather. We feel the same way about the note. The word "of" did not change the fact that the note was payable "at" Jacksboro, Texas, which is the county seat of Jack County.

Judgment affirmed.