## No. 21422.

LEON F. RABER *v.* HULDA J. LOHR, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF FRANK LOHR, DECEASED, AND EDWARD G. LOHR.
(431 P.2d 770)

Decided September 11, 1967.    Rehearing denied October 2, 1967.

HENRY BLICKHAHN, ELIZABETH A. CONOUR, for plaintiff in error.

RAPHAEL J. MOSES, EDWARD C. KING, WILLIAM R. BARTLETT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE dispute before us centers on the question as to whether a certain quitclaim deed which ratified to Elmer E. Underwood one cubic foot of ditch water, also ratified and conveyed another separate cubic foot of water to Frank and Hulda J. Lohr through a different chain of title. For previous decisions concerning part of this controversy see *Raber v. Lohr*, 152 Colo. 1, 380 P.2d 24 (1963) and *McFadzean v. Lohr*, 152 Colo. 31, 380 P.2d 20 (1963).

The present action stems from Leon F. Raber's Second Amended Counterclaim asserting title in him to the disputed water. This followed the Lohrs' original Complaint wherein they sought title (among other things) to the same one cubic foot of water. The matter came at issue following the remand we ordered in *Raber v.*

*Lohr, supra.* Afterwards both sides moved for a summary judgment alleging there was no material issue of fact to be determined and filed their supporting affidavits. The trial court thereafter held against Raber and entered judgment for the Lohrs on the basis that the Raber heirs' quitclaim deed did ratify and confirm "the act of their mother in conveying outright the 2 feet of water to Adamson." The court further found that "I do not decide this on the basis of adverse possession. I do not think adverse possession has been shown."

The quitclaim deed in question here was delivered by the three children of Fred Raber to Elmer E. Underwood in 1914. This occurred after the death of their father in 1906 and after their mother, Mary Raber, who had inherited a testamentary life estate from Fred in six cubic feet of water in the Minor Ditch, had given a warranty deed in 1910 to James E. Adamson for two cubic feet of water together with certain ditch rights in the Minor Ditch, Priority No. 190. Adamson later conveyed one cubic foot apiece to Moore and Keeney (a/k/a Kenney). Moore conveyed to Underwood and ultimately that title came to rest in the Lohrs. It was that conveyance that brought about the quitclaim deed to Underwood from the Raber children. The other one cubic foot conveyed to Keeney was later conveyed by him to Knowlton and Lohr and later solely to Hulda and Ed Lohr. That is the water in dispute here with Leon Raber urging that Mary Raber's deed conveyed only her life estate in the disputed water and that the quitclaim deed by Leon and his sisters ratified only the conveyance to Underwood.

The Lohrs' position generally is that the quitclaim deed ratified the mother's sale of the *two* cubic feet of water to Adamson; they also assert as defenses laches, estoppel and the statute of limitations. As to the latter defenses, suffice it to say that we have studied the record and the law applicable to the facts presented and find

such to be without merit. The determinative issue here is whether the quitclaim deed from the Raber children to Underwood was correctly interpreted by the trial court.

The deed to Underwood reads in pertinent part:

"This Deed, Made this 4th day of August in the year of our Lord one thousand nine hundred and Fourteen between Carrie E. Raber, Helen C. Raber and Leon Fred Raber of the County of Rio Grande and State of Colorado, of the first part, and Elmer E. Underwood of the County of Rio Grande and State of Colorado, of the second part,

"WITNESSETH, That the said parties of the first part, for and in consideration of the sum of One Dollar And other good and valuable consideration to the said parties of the first part in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, have remised, released, sold, conveyed and QUIT-CLAIMED, and by these presents do remise, release, sell, convey and QUIT-CLAIM unto the said party of the second part, his heirs and assigns, forever, all the right, title, interest, claim and demand which the said parties of the first part have in and to the following described water right situate, lying and being in the County of Rio Grande and State of Colorado, to-wit: One (1) cubic feet (sic) of water per second of time from Minor Ditch, Appropriation Priority No. 190 of June 1 - 1880, the same being one of the two cubic feet of water designated and conveyed in a certain deed of conveyance from Mary Raber to James E. Adamson found of record in the office of the County Clerk and Recorder of Rio Grande County, in Book 106 at Page 87. This conveyance is made also for the purpose of confirming and ratifying the conveyance made by said Marv Raber as above recited. Also including in this conveyance and (sic) undivided one-twelfth interest in and to the Minor Ditch right of way with all headgates and privileges." (Emphasis added.)

We have underscored the wording which the trial court held ratified the conveyance to the Lohrs through *Keeney*.

Let us analyze the deed. It clearly is a quit-claim to Elmer E. Underwood *only* for *one* cubic foot of water previously deeded by Mary Raber to James E. Adamson. The wording which allegedly grants something to the Keeney chain of title is immediately followed by a third sentence which states in pertinent part: "* * * including in the conveyance and (sic) undivided one-twelfth interest in and to the Minor Ditch * * *." We note that the latter is the ditch right that goes only with *one* cubic foot of water. Obviously, the underscored sentence in the deed is a second way of describing which one cubic foot of water was meant by "confirming and ratifying" it as one theretofore deeded by Mary Raber "as above recited." At worst that sentence is mere surplusage in the instrument and at best it is a sort of *descriptio personae*. As surplusage it can be disregarded for it is a "* * * matter * * * which is unnecessary to its (the deed's) meaning and does not affect its validity." (Part in parenthesis added.) *Morrow v. Morrow*, 382 S.W.2d 785 (Tex. Civ. App. 1964). And see: *Finlay v. Stevens*, 93 N.H. 124, 36 A.2d 767 (1944).

There are, of course, other rules on interpretation of deeds that would prevent the result urged by the Lohrs and found by the trial court. For example, to have effected a conveyance of the disputed water to the Lohrs or their predecessors in title in the Keeney chain, this instrument would have had to show clearly an intent to deprive the grantors of their interest — something it does not do. In this connection it was stated in *Nielson v. Newmyer*, 123 Colo. 189, 193, 228 P.2d 456, 458, 459 (1951) that:

"* * * Where, in conveyance of land a part only of the appurtenant water right is described and specified as being conveyed therewith, such specific designation

destroys any presumption of intention to convey the remainder. * * *."

The applicable rule is well set forth in 26 C.J.S. *Deeds* § 101 as follows:

"* * * Where a reference to another deed is made merely for the purpose of showing from what source the land was derived, and as a help in tracing the title, it has been held that it will not operate to enlarge, restrict, or modify the description given in the deed from which reference is made. * * *."

Accord: *Coffee v. Manly*, 166 S.W.2d 377 (Tex. Civ. App. 1942); *Barksdale v. Barksdale*, 92 Miss. 166, 45 So. 615 (1908). And 26 C.J.S. *supra* § 100 states:

"* * * So, where a description in a deed is clear and complete, a reference to other deeds will not necessarily operate to restrict or enlarge it. * * *."

Accord: *Coffee v. Manly; Barksdale v. Barksdale;* and *Finlay v. Stevens, supra.*

█   Further, with reference to the suggestion that the grantees in the Keeney chain of title were beneficiaries (*i.e.* grantees) of an additional foot of water by virtue of the deed to Underwood of one foot of water, 26 C.J.S. *supra* § 99 says:

"A person named in the granting clause of the deed as the sole purchaser and grantee, must be so held, unless other provisions in the deed clearly express an intent to the contrary, so as to write effectually into such granting clause the names of other persons as cograntees."

Accord: *Prudential Ins. Co. of America v. Karr*, 241 Ala. 525, 3 So.2d 409 (1941). Here no one in the Keeney chain of title was a named grantee and no express intent appears to us to include that chain either.

The judgment is reversed and the cause is remanded with directions to vacate the summary judgment granted to the Lohrs and to grant the motion for a summary judgment made by Raber.

Mr. Chief Justice Moore and Mr. Justice Kelley concur.