## No. 28176

**The Star Journal Publishing Corporation, a Colorado corporation v. The County Court in and for the County of Pueblo, State of Colorado, and the Honorable Eugene T. Halaas, Jr., one of the Judges thereof**

(591 P.2d 1028)

Decided March 12, 1979.

---

Petersen & Fonda, P.C., Thomas T. Farley, for petitioner.

No appearance for respondent.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Paula K. Miller, Deputy, for amicus curiae.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding in which petitioner seeks relief in the nature of prohibition against an order of respondent county court judge. We issued an order to show cause why respondent's order directing that a preliminary hearing be closed to all members of the news media but not to the public, should not be vacated. Respondent elected not to respond to our order, and we permitted the Colorado State Public Defender to proceed as amicus curiae in this proceeding. We now make the rule absolute.

On May 12, 1978, a preliminary hearing was held in the case of *People v. Gurule,* (No. CR 8546, County Court of Pueblo). Upon motion of the public defender and after hearing argument on the motion, respondent county court judge entered an order which excluded news media representatives from the courtroom but permitted the public, including friends and relatives of the defendant and victim, to remain. Respondent expressed his "belief that this case has received wide publicity in the local media." Although stating that he was "not in a position to determine whether or not . . . [this publicity would be] prejudicial," respondent predicated his ruling on the ground that there was a possibility the publicity would jeopardize the defendant's rights.

Other than general allegations of prejudicial pretrial publicity, neither party presented any evidence to demonstrate any need for this order. Nor did respondent issue a written order or make any findings of fact to support his determination. An attorney representing the petitioner, Pueblo Star Chieftain Publishing Corporation, and other news media organizations objected strenuously to the order.

■ At the outset, we note the basis upon which we consider this case. Although respondent's order expired at the conclusion of the preliminary hearing, the case is not moot because this controversy is one that is "capable of repetition, yet evading review." *See Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

■ Proceeding to the merits, we find that respondent's order is constitutionally defective in two aspects: (1) it does not contain a factual determination of the need to exclude the media; (2) in permitting members of the public to attend the hearing while banishing the press, the order operates to exclude the media from a public hearing and to infringe on the media's right of equal access with the public.

■ This case presents a clash between constitutional provisions: the First Amendment right to freedom of speech and of the press, and the Sixth Amendment interest in a public trial versus the Sixth Amendment right of the accused to trial by an impartial jury. This court has continually recognized the fundamental nature of First Amendment rights and ruled that these rights may only be abridged upon a showing of an overriding and compelling state interest. *See People v. Vaughan,* 183 Colo. 40, 514 P.2d 1318 (1973); *People ex rel. Van Meveren v. County Court,* 191 Colo. 201, 551 P.2d 716 (1976). By exposing trials to public scrutiny, the Sixth Amendment guarantee of a public trial serves to ensure efficiency, competency, and integrity in the operation of the judicial system. *Craig v. Harney,* 331 U.S. 367, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). *See ABA Standards for Criminal Justice Relating to Fair Trial and Free Press,* § 8-3.2, comments. The news media play a crucial role in maintaining this public scrutiny.

On the other hand, in an appropriate case the interest of the accused in a fair trial by an impartial jury may require limitations upon the exercise of these First Amendment rights and the public trial guarantee. *Stapleton v. District Court,* 179 Colo. 187, 499 P.2d 310 (1972).

■ An accommodation of these constitutional provisions and underlying policies compels the conclusion that criminal trials and pretrial proceedings should not be closed to media representatives unless an overriding and compelling state interest in closing the proceedings is demonstrated.

## I.

■ A judge may close a pretrial hearing only if (1) the dissemination of information would create a clear and present danger to the fairness of the trial; and (2) the prejudicial effect of such information on trial fairness cannot be avoided by any reasonable alternative means. *See* Section 8-3.2 of the *ABA Standards for Criminal Justice Relating to Fair Trial and Free Press* (2d Ed. 1978).

In the present case, we find that respondent's order is deficient under this standard. Section 8-3.2 contemplates that the presiding officer predicate an exclusion order on more than mere conjecture and allegations of prejudicial publicity. Inherent in this standard are the requirements that evidence be presented as to the likelihood of interference with the impartiality of the jury and that the trial judge issue a written order setting forth specific factual findings in this regard. The present order is deficient in both respects.

Not only does the order fail to comply with these standards, it is also in disregard of constitutional requirements. As previously noted, the court may not close a pretrial hearing without demonstrating a compelling need for this abridgement of First Amendment rights.

## II.

■ The second constitutional infirmity present in respondent's order is the unequal treatment given to the public and to the press. In permitting the general public to remain after excluding the media, respondent made the proceeding a public hearing. Given the public's access to and ability to communicate information disseminated at the hearing, respondent could not constitutionally exclude the media from or prevent it from truthfully reporting on the details of this public hearing. *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

■ Although the courts have denied the media's claim to special access superior to that of the public at large, the United States Supreme Court has explicitly recognized that the constitution demands that the media be guaranteed access at least equal to that granted to the public. *See Houchins v. KQED, Inc.,* 438 U.S. 1, 98 S.Ct. 2588, 57 L.Ed.2d 553, (1978): *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); and *Saxbe v. Washington Post Co.,* 417 U.S. 843, 94 S.Ct. 2811, 41 L.Ed.2d 514 (1974). In *Houtchins,* Mr. Justice Stewart stated in his concurring opinion: "The Constitution does no more than assure the public and the press equal access once government has opened its doors." Excluding from the courtroom members of the news media might easily result in a prejudiced, misleading, one-sided, and spotty dissemination of information.[1] The press has, therefore, a fundamental right to attend any court proceeding, which is open to the public.

We therefore grant the rule to show cause and expressly disapprove the order of respondent county court judge.

The rule is made absolute.

---

[1] Rather than curbing prejudicial pretrial publicity, respondent's order might have easily produced the opposite effect. In the absence of any directive regulating the speech of the persons permitted to attend the hearing or of the media, the press would be likely to base its reporting on communications with and observations of these persons. The perceptions of relatives and friends of the defendant and of the victim can hardly serve as the basis for impartial and accurate news coverage.