**TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Plaintiff-Appellee,**

v.

**JANITELL FARMS, INC., a Colorado Corporation; Ralph D. Janitell, Jr., Richard L. Janitell; Sears Bank & Trust Company, an Illinois Corporation, Defendants-Appellants.**

No. 79CA0733.

Colorado Court of Appeals, Div. I.

Jan. 24, 1980.

Rehearing Denied Feb. 14, 1980.

Rothgerber, Appel & Powers, Gregory L. Williams, Denver, for plaintiff-appellee.

Otto K. Hilbert, Colorado Springs, for defendants-appellants.

COYTE, Judge.

In this consolidated action, Janitell Farms, Inc. appeals the summary judgment of the trial court dismissing its complaint for declaratory judgment or alternatively for order vacating judicial sale. We reverse.

Defendants owned extensive real estate and water rights in El Paso County. They obtained a loan from Travelers Insurance Company which was secured by a deed of trust on the property. On October 6, 1976, Travelers commenced an action seeking a judgment on its note for the amount due and to foreclose the deed of trust. On October 28, 1977, a final consent judgment was entered for the amount due on the note plus accrued interest and costs with an order for sale. The final judgment, after describing the real estate, listed numerous pumps and other equipment and concluded with the phrase "and all other water and water rights *as hereinafter provided*" (emphasis added). No water rights, however, were described.

The consent decree provided that it would operate as a special execution and authorized the sheriff of El Paso County to sell the property described in the decree, to deliver a certificate of purchase to the highest bidder, and upon expiration of the period of redemption to deliver a deed to the buyer. The sheriff then advertised the property for sale in accordance with the description attached to the notice which did not include the description of any water rights.

The sheriff filed a report of sale to the court which entered its order approving the sale, and a sheriff's deed was later issued to the Travelers Insurance Company, which had bought the property at the sheriff's sale.

On December 20, 1978, Travelers filed a motion to amend the consent judgment and presented it ex parte to the court. The court refused to grant the motion and called Janitell's attorneys and asked them if they had any objection to amending the final judgment to include "all water, water rights, whether riparian, appropriative or otherwise and whether or not appurtenant, all ditch rights, and any shares of stock evidencing any such water or ditch right", as contained in the deed of trust. Janitell's attorneys advised the court that they would have to check with their client and shortly thereafter filed suit for declaratory judgment, which action was thereafter consolidated with the foreclosure action.

Janitell contends that the consent judgment in the foreclosure action did not include any water rights, that the judgment for the full amount owing was satisfied by the sale of the property advertised for sale by the sheriff, and that it thus now owns the water rights associated with the property free and clear of any debt to Travelers. In the alternative, Janitell contends that since the water rights were not sold, nor conveyed by the sheriff to Travelers, the process should be repeated so that there would be a new sheriff's sale correctly describing the water rights.

Travelers moved for summary judgment, and the trial court granted the motion, finding that the omission of the description of the water rights was an "oversight, perhaps a clerical error," and finding further that the parties intended that "everything that was included in the mortgage in question" was intended to be sold, and that defendants did not intend to retain any part of the water rights.

There is nothing in the record to support these findings. No evidence in the supporting documents showed the intent of the parties at the time the consent decree was entered. The trial court merely concluded that the parties intended the water rights to be included in a sale of the realty.

Section 13–56–201, C.R.S.1973, provides: "In all such notices [for a sheriff's sale] the lands or tenements to be sold shall be described with reasonable certainty by setting forth their number or by some other appropriate description."

There is no showing as to whether the water rights which Travelers contend they purchased at the sale are represented by decreed water rights or by certificates of stock in ditch companies.

"[A] water right is a property right separate and apart from the land on which it is used. . . . The land for which it was appropriated or on which it has been used may be conveyed or held without the water, and the water may be conveyed or held without the land." *Nielson v. Newmyer*, 123 Colo. 189, 228 P.2d 456 (1951).

Whether water rights are appurtenant to the land is generally a question of fact, as is also whether on a sale or transfer of the land, the water right passes as an appurtenance. *Denver Joint Stock Land Bank v. Markham*, 106 Colo. 509, 107 P.2d 313 (1940).

Here, there is no reference to the water rights description as contained in the trust deed. No water rights were contained in the description in either the consent decree or the sheriff's deed. Hence the sheriff's deed of the land to Travelers did not convey Janitell's water rights. *Cooper v. Shannon*, 36 Colo. 98, 85 P. 175 (1906).

However, it appears that the parties may have intended that these water rights be included as property on which the special execution would issue. Whether that was the parties' intention at the time of the consent decree is now a question of fact, which was not resolved by any showing in support of the motion for summary judgment. Accordingly summary judgment should not have been entered. *McCormick v. Diamond Shamrock Corp.*, 175 Colo. 406, 487 P.2d 1333 (1971).

Furthermore, even if the parties did intend that the water rights be included in the sale, these rights were not included in the description as required by § 13–56–201, C.R.S.1973, and thus not advertised, sold or conveyed in the sheriff's sale. *Cooper v. Shannon, supra.*

Plaintiff argues that Janitell is barred from collaterally attacking the consent decree and in accordance with *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974) is estopped from challenging the validity of the consent decree and subsequent sale by the sheriff. This is not the situation which confronts us. Here there is no question as to the validity of the consent decree and subsequent sale of the land. Rather the real issue is whether, under the circumstances presented, the sale can be set aside after being in effect for more than a year.

Accordingly, the summary judgment is reversed and the cause is remanded to the trial court for a hearing on the intention of the parties relative to the inclusion of the water rights in the consent decree. If it is determined that water rights were intended to be included, then the consent decree should be modified to include the description of water rights, and the sheriff's sale and deed should be set aside and then the property, including the water rights, should be readvertised and resold. If the trial court determines that it was not the intention of the parties to include the water rights in the consent decree, then title to the water rights should be quieted in Janitell.

SMITH and KELLY, JJ., concur.