**SOUTHWESTERN DEVELOPMENT COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**Delmer W. HUMPHREY and Beverly A. Humphrey, Defendants-Appellees.**

**No. 84CA0536.**

Colorado Court of Appeals, Div. III.

June 6, 1985.

Rehearing Denied July 25, 1985.

Certiorari Granted Nov. 18, 1985.

Hill and Robbins, David W. Robbins, Dennis M. Montgomery, Denver, Holley, Albertson & Polk, P.C., George Alan Holley, Golden, for plaintiff-appellant.

Neef, Swanson, Myer & Clark, Thomas J. Wolf, Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff, Southwestern Development Company (SDC), seeks reversal of the trial court's judgment holding (1) that title to water rights in nontributary ground water decreed in water court cases number W–7256, 80CW040, and 80CW461 is vested in the Humphreys and (2) that a lease between SDC and Humphreys is valid. We vacate the judgment and remand with directions on the first question and we affirm on the second.

I.

In 1964, before permits were required for the development of ground water, Petersons, Humphreys' predecessor, obtained a well permit with an improper range number and drilled a well on his land. The water from the resulting well was sulphurous, so Peterson entered into a lease with his neighbor Pike, SDC's predecessor, for the use of water from an existing well on Pike's property. In 1975 Pike conveyed to SDC several parcels of land, the rights as lessor of the water from the well, and his water rights. In 1979 Petersons conveyed

their land, the rights as lessees of the water from the Pike well, and their water rights to the Humphreys. Both sides purported to convey a well with the permit number Peterson had obtained.

In March 1981 Humphreys and SDC entered into an agreement for the use of the Pike well and the well permit. This agreement was abandoned, and SDC brought an action for breach of contract and termination of lease and a request for a declaratory judgment of ownership of water rights in district court. Humphrey counterclaimed alleging fraudulent inducement and asking for a declaratory judgment of water rights. SDC dropped the breach of contract action. The trial court found that there was no fraudulent inducement, that the lease had not been terminated, and that the water rights were vested in Humphreys.

The parties argue that the declaration of ownership of the water rights was properly in the district court and is properly in this court because all that is required is the interpretation of a water decree. Each side is asking for a declaration of ownership of water rights.

Each party's predecessor conveyed land, water rights, and rights in a water lease. Three decrees were obtained from the water court. The first granted an absolute domestic and agricultural use and a conditional municipal use to the Peterson well though the improper range number was used. The second changed the point of diversion from the Peterson well to the Pike well. The third continued the conditional municipal use until "December 1984, or a showing made on or before such date that the conditional water right has become an absolute water right by reason of the completion of the appropriation."

The title to decreed water is not proper subject matter for determination by a district court unless properly presented to the designated water judge of the water division encompassing the district, see § 37–92–203(1), C.R.S. (1984 Cum.Supp.), and this court is without jurisdiction over water cases involving priorities or adjudications. See § 13–4–102(1)(d), C.R.S.

Thus, since water matters, including determinations of rights to nontributary ground water, are within the exclusive jurisdiction of the water judge of the division, the district court's finding that the water rights vested in Humphreys was improperly made. See § 37–92–203(1), C.R.S. (1984 Cum.Supp.).

II.

The trial court, based upon substantial evidence, made findings of fact sustaining its conclusion that the lease establishing the rights between the parties is valid and the rights and obligations of the parties thereto are enforceable. Accordingly, that portion of the judgment is binding on appeal. See Beneficial Finance Co. v. Bach, 665 P.2d 1034 (Colo.App.1983).

The judgment is vacated and the cause is remanded for dismissal insofar as it decreed title to the water rights to be vested in the Humphreys. In all other respects it is affirmed.

STERNBERG and METZGER, JJ., concur.