**Delmer W. HUMPHREY and Beverly A. Humphrey, Petitioners,**

**v.**

**SOUTHWESTERN DEVELOPMENT COMPANY, a Colorado corporation, Respondent.**

**No. 85SC325.**

Supreme Court of Colorado, En Banc.

March 30, 1987.

Neef, Swanson, Myer & Clark, Thomas J. Wolf, Denver, Robinson & Scheurer, P.C., Richard J. Scheurer, Lakewood, for petitioners.

Hill & Robbins, David W. Robbins, Dennis M. Montgomery, Denver, Holley, Albertson and Polk, George Alan Holley, Golden, for respondent.

Fischer, Brown, Huddleson & Gunn, Ward H. Fischer, Fort Collins, for amicus curiae Cache La Poudre Water Users Assn.

Moses, Wittemyer, Harrison and Woodruff, P.C., Raphael J. Moses, Veronica A. Sperling, Boulder, for amici curiae Beverly Bldg. Co., H. Grady Culbreath, Jr., Jacqueline Gail Culbreath, Teodoro Roybal, Silvercreek Development Co., Silvercreek Ski Co., Ltd., Silvercreek Water and Sanitation Dist., William R. Steur, and The Colorado Water Congress.

Fairfield and Woods, Howard Holme, Denver, for amicus curiae Robert L. McCormick.

L. Richard Bratton, Gunnison, for amicus curiae Upper Gunnison River Water Conservancy Dist.

Delaney & Balcomb, P.C., Kenneth Balcomb, Glenwood Springs, for amici curiae First Nat. Bank of Glenwood Springs, Colo., and First Nat. Bank of Meeker, Colo.

Radosevich and Associates, P.C., George E. Radosevich, Denver, John McCannon, Wichita, Kan., for amici curiae Federal Land Bank of Wichita and Production Credit Associations of Colo.

Vranesh and Raisch, George Vranesh, John R. Henderson, Boulder, for amicus curiae Virginia Mae Milam, a/k/a Betty Milam, Personal Representative of the Estate of Marie R. Skogsberg.

VOLLACK, Justice.

Petitioners, the Humphreys, sought certiorari from the court of appeals' opinion in *Southwestern Development Co. v. Humphrey,* 709 P.2d 51 (Colo.App.1985), which held that neither the district court nor the court of appeals had jurisdiction over this water rights title dispute. Southwestern Development Company [hereinafter SWDC] brought suit in district court in a dispute over the ownership of certain water rights and a related lease. The district court ruled that title to the water rights was in the defendants-petitioners, and that the lease in question was valid. SWDC appealed and the court of appeals affirmed the district court's holding as to the lease, but vacated the ruling on the water rights issue, finding that neither the court of appeals nor the trial court had subject matter jurisdiction. We granted certiorari to review the court of appeals' jurisdictional holding, and we now reverse.

## I.

SWDC sued the Humphreys for breach of contract, but withdrew its claim when the Humphreys counterclaimed, asking for declaratory judgment as to the water rights in the disputed water court decrees. The two basic issues were (1) ownership of rights under certain water right decrees relating to nontributary ground water, and (2) validity of a lease between SWDC and the Humphreys. The district court heard two days of testimony and received numerous documents in evidence. Details of the various conveyances and contractual agreements were set forth in the district court's "Findings of Fact, Conclusions of Law, Judgment and Order." After tracing the chain of title to the tracts of land and wells in dispute the judge entered a declaratory judgment, holding that title to the decreed water rights was vested in the Humphreys. The district court found the lease valid.

SWDC appealed on both issues. The court of appeals affirmed the district court's ruling as to the lease. On the issue of title to the decreed water rights, however, the court of appeals held that "[t]he title to decreed water is not proper subject matter for determination by a district court unless properly presented to the designated water judge of the water division encompassing the district...." *SWDC*, 709 P.2d at 52. The court of appeals concluded that neither the district court nor the court of appeals had jurisdiction over the water dispute and remanded for dismissal "insofar as [the judgment] decreed title to the water rights to be vested in the Humphreys." *Id.*

## II.

As a threshold matter, we find that the parties reached a settlement after certiorari was granted. The parties urge us to address the jurisdictional holding of the court of appeals' opinion because of its statewide impact on water law practice in Colorado.

The general rule is that when issues presented in litigation become moot due to subsequent events, this court will decline to render a written opinion on the merits of an appeal. *Beeson v. Kiowa County School Dist.*, 39 Colo.App. 174, 176, 567 P.2d 801, 803 (1977). However, we have acknowledged two exceptions to the mootness doctrine. First, we may resolve an otherwise-moot case if the matter is one " 'capable of repetition, yet evading review.' " *Goedecke v. Department of Inst.*, 198 Colo. 407, 410 n. 5, 603 P.2d 123, 124 n. 5 (1979) (addressing a mental patient's right to refuse treatment, even though the patient had been released from the hospital during pendency of the appeal); *see Urevich v. Woodard*, 667 P.2d 760 (Colo.1983) (addressing propriety of appellant's fundraising and signature-gathering before the 1982 election, even though the election had already been held); *Star Journal Publishing Corp. v. County Court*, 197 Colo. 234, 591 P.2d 1028 (1979) (addressing constitutionality of judge's order closing a preliminary hearing from the media, even though the order had expired); *Lininger v. City of Sheridan*, 648 P.2d 1097 (Colo.App.1982) (addressing the defendant's right to a jury trial for petty offenses, even though trial was over, because "the question raised is significant for future municipal court proceedings and should be resolved to assist orderly judicial procedures." *Id.* at 1098).

Second, we may hear a moot case if "the matter involves a question of great public importance or an allegedly recurring constitutional violation." *Zoning Bd. of Adjustment v. DeVilbiss*, 729 P.2d 353, 356 n. 4 (Colo.1986). The public importance of the issue presented now brings it under the second exception to the mootness doctrine. In *SWDC*, the court of appeals held that the district court was without subject matter jurisdiction because disputes of this type are "water matters" falling under the water court's exclusive jurisdiction pursuant to section 37–92–203, 15 C.R.S. (1973). 709 P.2d at 52. As the parties and amici curiae [1] point out in their briefs, the result

---

1. We granted leave permitting the following to file briefs as amici curiae: Cache La Poudre Water Users Association, Beverly Building Co.,

H. Grady Culbreath, Jr., Jacqueline Gail Culbreath, Teodoro Roybal, Silvercreek Development Co., Silvercreek Ski Co., Ltd., Silvercreek

of this interpretation of the law is to cast doubt on the existing practice and structure of water law, and the procedure for determination of water rights ownership and other civil actions in district court. The court of appeals' holding in *SWDC* expanded the water courts' exclusive jurisdiction, as defined by statute, far beyond its plain meaning. The jurisdictional dispute before us is significant for future water court proceedings; it should be resolved to assist orderly judicial procedures and is of public importance statewide. We find it appropriate to address the court of appeals' construction of the water court jurisdiction statute.

## III.

The court of appeals' opinion interpreted the jurisdiction of water judges under section 37–92–203(1), which read at the time:

> **Water judges—jurisdiction.** (1) There is established in each water division the position of water judge of the district courts of all counties situated entirely or partly within the division. Said district courts collectively acting through the *water judge have exclusive jurisdiction of water matters* within the division, and no judge other than the one designated as a water judge shall act with respect to water matters in that division. *Water matters shall include only those matters which this article and any other law shall specify to be heard by the water judge of the district courts.*

Water and Sanitation District, William R. Steur, The Colorado Water Congress, Robert L. McCormick, Upper Gunnison River Water Conservancy District, First National Bank of Glenwood Springs, Colorado, First National Bank of Meeker, Colorado, Production Credit Associations of Colorado, and Virginia Mae Milam, a/k/a Betty Milam, Personal Representative of the Estate of Skogsberg.

**2.** Section 37–92–203(1) states in pertinent part: Water matters shall include only those matters which this article and any other law shall specify to be heard by the water judge of the district courts. *Water matters include determinations of rights to nontributary ground water outside of designated ground water basins.* § 37–92–203(1), 15 C.R.S. (1986 Supp.) (emphasized portion indicating amendment effective October 11, 1983).

§ 37–92–203(1), 15 C.R.S. (1973) (emphasis added).

In 1985, subsection 203(1) was amended to add the following provisions:

> Water matters include determinations of rights to nontributary ground water outside of designated ground water basins. Judgments and decrees entered prior to July 1, 1985, in accordance with the procedures of sections 37–92–302 to 37–92–305 with respect to such ground water shall be given full effect and enforced according to the terms of such decrees.

§ 37–92–203(1), 15 C.R.S. (1986 Supp.).[2]

■ The issue before the court is whether a dispute over ownership of decreed water rights arising from various conveyances of title constitutes a "water matter" under section 37–92–302(1), thus bringing it exclusively under the subject matter jurisdiction of the water courts. Resolution of what constitutes a water matter turns on the distinction between the legal right to *use* of water (acquired by appropriation), and the *ownership* of a water right. A water right is "a right to use" of water, acquired by appropriation. § 37–92–103(12), 15 C.R.S. (1973). This appropriative right is only a legal right to *use* of the water. "A validly adjudicated water right gives its holder a special type of property right" and water rights may be bought and sold, like other kinds of real property, "without regard to the real property over which the water flows." *Navajo Develop-*

The General Assembly amended the jurisdictional provision of the Water Right Determination and Administration Act of 1969, as shown above, in response to a case decided by this court, *State of Colorado, D.N.R. v. Southwestern Colo. Water Conservation Dist.*, 671 P.2d 1294 (Colo.1983), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1929, 80 L.Ed.2d 274 (1984) [hereinafter *Huston*]. In *Huston*, we scrutinized the jurisdictional provision of the 1969 Act and concluded that rights to nontributary ground water not located in a designated basin did not fall under the "water matters" jurisdiction of the water judges. *Id.* at 1319. The statutory amendment reversed this holding in *Huston*, as to determination of "rights" of specific types of ground water. Because the amendment addresses "rights," it is consistent with the distinction between water right adjudications and ownership disputes.

ment Co. v. Sanderson, 655 P.2d 1374, 1377 (Colo.1982). When parties seek adjudication in a water court of their legal right to use of water, the water court issues a decree. "A decree in a water adjudication is only confirmatory of pre-existing rights; the decree does not create or grant any rights; it serves as evidence of rights previously acquired." *Cline v. Whitten*, 144 Colo. 126, 129, 355 P.2d 306, 308 (1960). Determinations of water rights are "water matters" falling under the water judge's exclusive jurisdiction. § 37–92–302(1)(a), 15 C.R.S. (1986 Supp.).

■ In contrast, *ownership* of water rights (which have already been decreed by the water court) is a different concept. Resolution of ownership disputes arise in a number of contexts, including but not limited to quiet title proceedings, real estate matters, dissolution proceedings, and other civil actions in the district courts. An example is the case at bar in which the district court was required to analyze deeds, contracts, and other documents that established the chain of title to certain decreed water rights.

■ The practice in this state has long been that district courts have power to adjudicate disputes over ownership of water rights. *Navajo Development Co. v. Sanderson*, 655 P.2d 1374 (Colo.1982) (review of district court's decision regarding water rights conveyed by warranty deed); *Atchison v. Englewood*, 193 Colo. 367, 568 P.2d 13 (1977) (review of district court's decision regarding purchase of a ranch and water rights); *Raber v. Lohr*, 163 Colo. 485, 431 P.2d 770 (1967) (review of district court's decision regarding attempted conveyance of water rights by quit claim deed); *Gilpin Investment Co. v. Perigo Mines Co.*, 161 Colo. 252, 421 P.2d 477 (1966) (review of district court's decision regarding chain of title to land, mineral rights and water rights in quiet title action); *Thompson v. Blanchard*, 116 Colo. 27, 178 P.2d 422 (1947) (review of district court's decision regarding chain of title which established ownership of land, water, and an easement); *Farmer v. Farmer*, 720 P.2d 174 (Colo.App.1986) (review of district court's decision in quiet title action between wife and husband, based on co-tenancy ownership of farm and water rights); *Travelers Insurance Co. v. Janitell Farms, Inc.*, 44 Colo.App. 34, 609 P.2d 1116 (1980) (review of district court's decision regarding transfer of water rights in real estate foreclosure proceeding).

The case before us required a determination of the chain of title leading to ownership of decreed water rights. If we followed the court of appeals' reasoning, all ownership adjudications would now fall under the exclusive jurisdiction of water judges. The result would be to divest the district courts of jurisdiction to hear disputes over ownership of previously adjudicated water rights. As can be seen from the cases cited above, these disputes arise in a variety of civil contexts, often in conjunction with the conveyance of property and other rights.

■ We acknowledge that in some cases water judges have been permitted to exercise "jurisdiction over private agreements which may affect [water right] priorities" because the water judge "wears two hats," as both a district judge and a water judge. *Perdue v. Fort Lyon Canal Co.*, 184 Colo. 219, 222–23, 519 P.2d 954, 956 (1974). This conclusion, however, cannot be construed to give water judges exclusive jurisdiction over private agreements affecting water rights. Nowhere in the statutes or case law is there authority for bringing *ownership* matters exclusively under the jurisdiction of water judges.

Accordingly, we reverse the court of appeals' holding as to jurisdiction.