Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 6**

**No. 17SA220, *Allen v. State of Colorado*, —Water Court Jurisdiction —"Water Matters"—Water Ownership v. Water Use.**

This case concerns whether a water court has jurisdiction to consider a claim for inverse condemnation alleging a judicial taking of shares in a mutual ditch company. The water court dismissed plaintiff-appellant's inverse condemnation claim, concluding that his claim was "grounded in ownership and the conveyance of that ownership, not use," and therefore the claim was not a water matter within the exclusive jurisdiction of the water court. The supreme court agrees and thus affirms the water court's dismissal order.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 6

**Supreme Court Case No. 17SA220**
*Appeal from the District Court*
Garfield County District Court, Water Division 5, Case No. 14CW3021
Honorable James B. Boyd, Water Judge

### Plaintiff-Appellant:

Sam A. Allen,

v.

### Defendants-Appellees:

State of Colorado; Colorado Court of Appeals; Margaret V. Morton; Larry L. Stevens; and Mesa County Land Conservancy, Inc.,

and

### Appellee Pursuant to C.A.R. 1(e):

Alan Martellaro, Division Engineer, Water Division 5.

### Judgment Affirmed
*en banc*
January 22, 2019

**Attorneys for Plaintiff-Appellant6**
Dufford, Waldeck, Milburn & Krohn, L.L.P.
Nathan A. Keever
　　*Grand Junction, Colorado*

**Attorneys for Defendant-Appellees State of Colorado and Colorado Court of Appeals:**
Philip J. Weiser, Attorney General
Patrick L. Sayas, Senior Assistant Attorney General
　　*Denver, Colorado*

**Attorneys for Defendant-Appellee Mesa County Land Conservancy, Inc.:**
Berg Hill Greenleaf & Ruscitti, LLP
Peter D. Nichols
Josh A. Marks
*Boulder, Colorado*

**Attorneys for Appellee Division Engineer, Water Division 5:**
Philip J. Weiser, Attorney General
Paul L. Benington, First Assistant Attorney General
*Denver, Colorado*

No appearance on behalf of Margaret V. Morton or Larry L. Stevens.

**JUSTICE GABRIEL** delivered the Opinion of the Court.

2

¶1     This case concerns whether a water court has jurisdiction to consider a claim for inverse condemnation alleging a judicial taking of shares in a mutual ditch company. The water court dismissed plaintiff-appellant Sam Allen's inverse condemnation claim, concluding that his claim was "grounded in ownership and the conveyance of that ownership, not use," and therefore the claim was not a water matter within the exclusive jurisdiction of the water court. We agree and thus affirm the water court's dismissal order.

## I.  Facts and Procedural History

¶2     The present dispute involves a ranch in Mesa County. The United States, acting through the Farmers Home Administration (the "FmHA"), acquired title to the ranch, including 140 acres of ranchland, certain decreed water rights, and nine shares of capital stock in Big Creek Reservoir Company, a mutual ditch company. Several years later, the FmHA granted a deed of conservation easement to Mesa County Land Conservancy, Inc. The easement was recorded and provided that "[a]ll water rights held at the date of this conveyance shall remain with the land." Allen later purchased the ranch, the decreed water rights, and the ditch company shares from the FmHA.

¶3     Thirteen years later, Allen sold the ranch and the decreed water rights to a third party, but he did not include the ditch company shares in the sale. Mesa County Land Conservancy then filed suit for declaratory and injunctive relief, alleging that Allen had violated the terms of the conservation easement by attempting to sever the shares from the land. The district court ultimately issued a permanent injunction requiring Allen to

3

convey the shares to the purchaser and prohibiting Allen from severing those shares from the property. A division of the court of appeals affirmed, *Mesa Cty. Land Conservancy, Inc. v. Allen*, 2012 COA 95, ¶ 43, 318 P.3d 46, 57, and we denied Allen's petition for a writ of certiorari, *Allen v. Mesa Cty. Land Conservancy, Inc.*, No. 12SC533, 2013 WL 4008745, at *1 (Colo. Aug. 5, 2013).

¶4     Thereafter, Allen filed the present action against defendants-appellees (collectively, "defendants") in the water court. As pertinent here, Allen sought just compensation for an alleged loss of property rights, claiming that the division's ruling in the *Mesa County Land Conservancy* action amounted to a judicial taking of his interest in the ditch company shares.

¶5     Defendants moved to dismiss Allen's complaint pursuant to C.R.C.P. 12(b)(1) and 12(b)(5), asserting, as pertinent here, that the water court lacked subject matter jurisdiction over Allen's complaint. In a detailed and thorough written order, the water court ultimately agreed with defendants and dismissed Allen's complaint for lack of subject matter jurisdiction. The court began by noting that water courts have exclusive jurisdiction over "water matters." It then observed that this court has explained that "water matters" are matters relating to the use of water rights (as distinct from actions concerning the ownership of such rights) and that such matters include applications for initial decrees, actions seeking declarations regarding the scope of use allowed by existing water rights, and declaratory judgment actions to determine what properties are subject to the requirements of water decrees. The water court concluded that Allen's

4

claim was "grounded in ownership and the conveyance of that ownership, not use," and thus it was not a water matter within the water court's exclusive jurisdiction. Rather, his claim was a district court matter.

¶6     Allen now appeals the water court's dismissal order.

## II.  Analysis

¶7     After summarizing the principles applicable to the water court's jurisdiction, we address the question before us, namely, whether Allen's inverse condemnation claim concerning the ditch company shares constitutes a "water matter" within the water court's jurisdiction.  We conclude that it does not.

¶8     Water courts have exclusive jurisdiction over "water matters" within their respective divisions.  § 37-92-203(1), C.R.S. (2018).  "Water matters" include "only those matters which [article 92] and any other law shall specify to be heard by the water judge of the district courts."  *Id.*

¶9     As this court has consistently made clear, the "[r]esolution of what constitutes a water matter turns on the distinction between the legal right to *use* of water (acquired by appropriation), and the *ownership* of a water right."  *Humphrey v. Sw. Dev. Co.*, 734 P.2d 637, 640 (Colo. 1987).

¶10     "[A]ctions to determine the use of water belong exclusively in the water courts." *Kobobel v. Colo. Dep't of Nat. Res.*, 249 P.3d 1127, 1132 (Colo. 2011).  Such actions include applications for initial decrees and for decrees approving augmentation plans, applications for changes of decreed water rights, and matters concerning the scope of

previously decreed water rights and the abandonment, laches, and adverse possession of water rights. *See S. Ute Indian Tribe v. King Consol. Ditch Co.*, 250 P.3d 1226, 1234 (Colo. 2011) ("Water courts are authorized to construe and make determinations regarding the scope of water rights adjudicated in prior decrees."); *In re Tonko*, 154 P.3d 397, 404 & n.3 (Colo. 2007) (noting that applications for changes of decreed water rights and matters involving the abandonment, laches, and adverse possession of water rights are within the exclusive jurisdiction of the water court); *Crystal Lakes Water & Sewer Ass'n v. Backlund*, 908 P.2d 534, 542 (Colo. 1996) ("The specialized expertise of the water court is essential in determining whether wells are subject to a plan for augmentation. Only a water court can issue a decree approving a plan for augmentation.").

¶11 In contrast, "[a]ctions to determine legal ownership of a water right fall within the general jurisdiction of district courts." *Tonko*, 154 P.3d at 404. Examples of such actions include quiet title proceedings, real estate matters, dissolution proceedings, and other civil actions in the district courts. *Kobobel*, 249 P.3d at 1132. Such actions also include matters involving "[t]he construction of instruments of grant or conveyance and the identification of the legal rights transferred and retained pursuant to such instruments," and this is so even if that construction "will have an incidental impact on the use of water on the land." *Bijou Irr. Dist. v. Empire Club*, 804 P.2d 175, 180 (Colo. 1991).

¶12 Here, Allen contends that his right to compensation arising from the deprivation of his rights in his ditch company shares constituted a water matter within the water court's jurisdiction. He asserts that the question of the ownership of those shares is no

6

longer an issue because the *Mesa County Land Conservancy* division previously ordered him to transfer those shares to the purchaser of the ranch and he did so. As a result, in his view, the only issue remaining is whether he was deprived of his use of the water without just compensation. We are not persuaded.

¶13    The right at issue in this case involves Allen's alleged property interest in the ditch company shares, not the right to use water. In our view, such a dispute is of the same type as a quiet title proceeding or a matter involving the identification of legal rights transferred and retained pursuant to instruments of grant or conveyance because all of such matters principally concern ownership interests in property and the rights that derive therefrom. *See Kobobel*, 249 P.3d at 1132; *Bijou Irr. Dist.*, 804 P.2d at 180. Moreover, the parties do not dispute—and Allen's complaint would not require the water court to determine—any water use matters. To the contrary, as the water court observed, "There is no water use issue that will affect a takings analysis."

¶14    Accordingly, we conclude that the water court correctly determined that this case does not involve a water matter and that, therefore, the court lacked subject matter jurisdiction here. And this is true even if Allen's inverse condemnation claim could be said to have an incidental impact on the use of water on Allen's property. *See Bijou Irr. Dist.*, 804 P.2d at 180.

¶15    We are not persuaded otherwise by Allen's reliance on *Kobobel*. There, the plaintiffs owned certain irrigation wells from which they pumped water to irrigate their farmland. *Kobobel*, 249 P.3d at 1129–30. The plaintiffs received letters from the State

Engineer's Office ordering them to cease and desist *using* their wells to divert water, pending the water court's adoption of a decreed plan for augmentation. *Id.* at 1130. The plaintiffs then filed an inverse condemnation claim, asserting that the state's action amounted to an unconstitutional taking of vested property rights in their wells, water, farmland, and improvements. *Id.* at 1130–31. The water court dismissed the plaintiffs' claim, and they appealed to this court, arguing, as pertinent here, that the district court and not the water court was the proper forum because the plaintiffs' inverse condemnation claim was not a water matter within the water court's jurisdiction. *Id.* at 1131. We ultimately rejected this argument, concluding that the nature of the plaintiffs' claim and the relief sought required the court to determine whether the plaintiffs had the right to use water from their wells without state interference. *Id.* at 1132–33. Thus, the case involved a water matter within the water court's exclusive jurisdiction. *Id.* at 1133.

¶16    Contrary to Allen's assertions, *Kobobel* is distinguishable from the present case because the inverse condemnation claim at issue there involved the state's curtailment of the plaintiffs' *use* of water (i.e., the right to pump water). It did not involve the ownership of a water right or, as here, an ownership interest in an entity that owns water rights. *See* § 7-42-104(4), C.R.S. (2018) (noting that shares of stock in a ditch company "shall be deemed personal property and transferable as such in the manner provided by the bylaws").

¶17     Accordingly, we agree with the water court that this case involves Allen's rights in shares of a ditch company and not his right to use water and that, therefore, the case does not involve a water matter within the water court's jurisdiction.

## III.  Conclusion

¶18     Because we conclude that Allen's complaint raised only questions about the ownership of his interest in the ditch company shares and not questions about the use of water rights, we conclude that this case does not involve a "water matter" within the water court's jurisdiction.  We therefore affirm the water court's judgment dismissing Allen's complaint for lack of subject matter jurisdiction.