598 P.2d 157 (1979)
The PEOPLE of the State of Colorado, Plaintiff,
v.
Norman WRIGHT, Defendant-Appellee,
v.
Arthur G. DILL, Chief of Police, Denver Police Department, City and County of Denver, Respondent-Appellant.
No. 79CA0056.
Colorado Court of Appeals, Div. I.
July 5, 1979.
*158 Galchinsky & Silverstein, Pamela McClune, Herbert H. Galchinsky, Denver, for defendant-appellee.
Max P. Zall, City Atty., Charles E. Sellner, Asst. City Atty., Denver, for respondent-appellant.
STERNBERG, Judge.
The question in this appeal is whether a defendant who has successfully completed a period of deferred prosecution culminating in the dismissal of the complaint may have his arrest record physically destroyed or returned to him; or whether the Criminal Justice Records Act, § 24-72-301 et seq., C.R.S.1973 (1978 Cum.Supp.), confines his rights to having the record sealed or release of the record limited. We determine he is entitled only to the statutory remedies and therefore reverse the decision of the trial court.
The defendant, Norman Wright, was arrested and charged with theft by receiving. Deferred prosecution was granted for one year, but the complaint was dismissed in less than four months. Wright petitioned the court to have his record "expunged," or returned to him. The court so ordered, and Arthur Dill, Chief of the Denver Police Department and custodian of Wright's records, appeals.
At the outset we emphasize that what is at issue here is "expungement" meaning the physical destruction of the arrest record, as contrasted to the sealing or limiting access to the record.
Relying on Davidson v. Dill, 180 Colo. 123, 503 P.2d 157 (1972), Wright asserts that he is entitled to physical destruction of his arrest record. Dill, on the other hand, argues that when, after Davidson, the General Assembly enacted the Criminal Justice Records Act, it meant it to be comprehensive and exclusive as to the remedies available to those persons covered by it. Because the statute makes provision only for the sealing and the limited release of records and does not allow physical destruction, Dill contends that destruction of records is no longer an available remedy. Wright responds that the statute is not exclusive so that physical destruction, sealing, and limited release are all viable remedies.
We determine that because the Criminal Justice Records Act provides a comprehensive scheme concerning criminal records, the statutory remedies are exclusive for those persons whose records come within the purview of the statute. Cf. Berman v. People, Colo.App., 589 P.2d 508 (1978) (expungement available remedy to unindicted co-conspirator).
Section 24-72-301(1), C.R.S.1973 (1978 Cum.Supp.), the legislative declaration, states:
"The General Assembly hereby finds and declares that the maintenance, access and dissemination, completeness, accuracy, and sealing of criminal justice records are matters of statewide concern and that, in defining and regulating those areas, only statewide standards in a state statute are workable."
The statute then sets forth standards and procedures for all of these aspects of criminal records. Pertinent here are the section limiting release of records, § 24-72-308(1)(b), C.R.S.1973 (1978 Cum.Supp.), and the section providing for sealing, § 24-72-308(1)(a), C.R.S.1973 (1978 Cum.Supp.), which states:
"Any person in interest may petition the district court of his residence or of the district in which the arrest and criminal records information pertaining to him is located for the sealing of all or any part of said record, except basic identification information."
*159 When sealing is ordered, the following occurs:
"[T]he subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person." Section 24-72-308(4), C.R.S.1973 (1978 Cum. Supp.).
"(5) Inspection of the records included in the order may thereafter be permitted by the court only upon petition by the person in interest who is the subject of such records or by the district attorney and only to those persons and for such purposes named in such petition." Section 24-72-308(5), C.R.S.1973 (1978 Cum. Supp.).
"(6) Employers, educational institutions, state and local government agencies, officials, and employees shall not, in any application or interview or otherwise, require an applicant to disclose any information contained in sealed records. An applicant need not, in answer to any question concerning arrest and criminal records information that has been sealed, include a reference to or information concerning such sealed information and may state that no such action has ever occurred. Such an application may not be denied solely because of the applicant's refusal to disclose arrest and criminal records information that has been sealed." Section 24-72-308(6), C.R.S.1973 (1978 Cum.Supp.).
Violators of this statute are guilty of a misdemeanor punishable by fine and imprisonment. Section 24-72-309, C.R.S.1973 (1978 Cum.Supp.).
Thus, in effect, by obtaining the sealing of their records, individuals have an effective remedy to secure their right of privacy; expungement is not necessary to provide this protection. We conclude that by fashioning this effective remedy, the General Assembly did not intend that physical destruction of the records also be allowed in this situation. Had it intended to provide for physical destruction when drafting the comprehensive statute, presumably it would have done so. See generally 2A C. Sands, Statutes & Statutory Construction § 50.05 (4th ed. 1973). Moreover, § 24-72-308(1)(a), C.R.S.1973 (1978 Cum.Supp.), excepts basis information from sealing, indicating the General Assembly's intent to preserve the complete criminal justice record, but in a form that protects the individual named from any harmful effects.
Additionally, § 24-72-308(8), C.R.S.1973 (1978 Cum.Supp.), states:
"Nothing in this section shall be construed to authorize the physical destruction of any criminal justice records; except that, upon the petition of a person in interest who has received a pardon after a conviction, the court shall order the physical destruction of the arrest and criminal records information relating to that pardon."
The General Assembly thus is aware of the physical destruction remedy, and has spoken of it only with reference to pardons. We conclude, therefore, that the General Assembly does not intend in situations such as here that the physical destruction of criminal arrest records be allowed.
This conclusion was foreshadowed by the language of Davidson, decided prior to the passage of a statutory scheme on the matter. In Davidson, plaintiff asked for "expungement" (not, we note, specifically physical destruction) or return of her records. In reinstating plaintiff's complaint, which had been dismissed for failure to state a claim, the Supreme Court said:
"[D]isposition of arrest records is subject to legislative control . . . . However, this is not to say that, absent legislative action, judicial control may not be imposed to protect a citizen from what might develop upon its facts to be an unconstitutional invasion of his right of privacy. See correction in 191 Colorado Reports
"The record here is devoid of any facts showing the need of the police department to keep this plaintiff's arrest records, or the ability of the department to keep them confidential. . . . Should *160 the court determine the precise relief requested is not appropriate, other means may be formulated to protect plaintiff's right of privacy from any improper invasion."
Having fashioned a remedy to keep the records confidential, the General Assembly has provided sufficient "other means" to protect the right of privacy.
We note that counsel for Wright argued below that Wright will be harmed if he must inform employers or law enforcement agencies that he was arrested. However, under § 24-72-308, C.R.S.1973 (1978 Cum. Supp.) Wright need not admit to the fact of his arrest in this instance.
Insofar as it is intended to allow physical destruction or return of Wright's criminal arrest record to him, the denial of appellant's motion to vacate the expungement order is reversed, and the cause is remanded for further proceedings under the statute.
COYTE and VanCISE, JJ., concur.