Ms. Kim Morss Acting State Court Administrator Colorado Judicial Department 1301 Pennsylvania Street, Suite 300 Denver, CO 80203-2416
Dear Ms. Morss:
This opinion responds to the Judicial Department's July 28, 1992 inquiry concerning the legislature's recent amendments to the Colorado's open records law.
In 1992, the General Assembly, by enacting H.B. 92-1195, made the following pertinent amendments to the open records laws. The provision of the Criminal Justice Records Act ("Act") that allows for the inspection of criminal justice records by the public was amended as follows:
 The name of the victim of sexual assault or alleged sexual assault shall be deleted from any criminal justice record prior to the release of such record.
Section 24-72-304(4), C.R.S. (Supp. 1992). The provision of the Open Records Act that concerns furnishing copies of public records was amended as follows:
 If, in response to a specific request, the state or any of its agencies, institutions, or political subdivisions has performed a manipulation of data so as to generate a record in a form not used by the state or by said subdivision, a reasonable fee may be charged to the person making the request. Such fee shall not exceed the actual cost of manipulating said data and generating the said record in accordance with the request. Persons making subsequent requests for the same or similar records may be charged a fee not in excess of the original fee.
Section 24-72-205(3), C.R.S. (Supp. 1992).
QUESTIONS PRESENTED AND CONCLUSIONS
1. Are court records that do not relate to criminal cases "criminal justice records" under the Criminal Justice Records Act?
No.
2. What does "release of such record" mean within the contemplation of section 24-72-304(4), C.R.S. (Supp. 1992)?
 As used here, the phrase "release of such record" encompasses providing access to a record for inspection.
3. Must victims' names be deleted prior to the release of a record to all persons, agencies, and institutions, or does the Criminal Justice Records Act permit release of a record without deletions to other criminal justice agencies or parties in interest and their counsel?
 The Criminal Justice Records Act requires deletion of victims' names only when a record is released to a member of the general public. Release to parties in interest or their counsel and to criminal justice agencies is not a release to the public within the meaning of the Act and the Act permits release to them without deletion of victims' names.
4. May the Judicial Department charge every person, agency, and institution a reasonable fee not exceeding the actual cost of creating a record in which the names of victims have been deleted?
 Yes, under § 24-72-306, C.R.S. (1988) for required deletions.
5. Does the Judicial Department's memorandum interpreting the amendments to the open records laws comply with those laws?
Yes, in part.
ANALYSIS
In 1968, the General Assembly enacted the Open Records Act and declared it to be "the public policy of the state that all records shall be open for public inspection by any person at reasonable times. . . ." Section 24-72-201, C.R.S. (1988). In 1972, the Colorado Supreme Court recognized an individual's right to the expungement of his criminal arrest record "when the harm to the individual's right to privacy or danger of unwarranted adverse consequences outweigh the public interest in retaining the records in police files." Davidson v. Dill,180 Colo. 123, 130, 503 P.2d 157, 161 (1972).
In 1977, in recognition of the unique public and private interests inherent in criminal justice matters, including those expressed in Davidson, the General Assembly amended the open records laws[1] by enacting the Criminal Justice Records Act. See sections 24-72-301 through 24-72-308, C.R.S. (1988 Supp. 1992). The Act "provides a comprehensive scheme concerning criminal records." People v. Wright,43 Colo. App. 30, 31, 598 P.2d 157, 158 (1979). Four general areas are addressed by the Act: (1) the inspection of official action records by the public; (2) the inspection of criminal justice records by the public; (3) challenges to the accuracy and completeness of criminal justice records by persons in interest; and (4) the sealing of arrest and criminal records information at the request of persons in interest. See Multz, TheColorado Criminal Justice Records Act, 9 Colo. Law. 1 (1980).
a. Your first inquiry concerns what court records constitute "criminal justice records" under the Act. The Act defines "criminal justice records" as those records "made, maintained, or kept by any criminal justice agency in the state for use in the exercise of functions required by law or administrative rule." Section 24-72-302(4), C.R.S. (1988). In isolation, this definition appears to include all personnel, administrative, and non-criminal records of a criminal justice agency. However, such an interpretation renders superfluous significant portions of the Open Records Act and ignores the legislature's use of the limiting term "criminal justice", the meaning ascribed to it in other parts of the Act, and the term's common meaning.
When the General Assembly amended the open records laws to include the Criminal Justice Records Act, it expressly removed criminal justice records from the scope of the Open Records Act. Section 24-72-203(6), C.R.S. (1988). However, the open records laws are not mutually exclusive, but constitute a "comprehensive statutory framework for inspection and copying . . . of records maintained by state and local governments." Martinelliv. District Court, 199 Colo. 163, 176, 612 P.2d 1083,1093 (1980). An overly broad interpretation of the definition of "criminal justice records" would render superfluous many portions of the Open Records Act. For example, while personnel files of government employees of many agencies are protected from disclosure, section 24-72-204(3)(II), C.R.S. (1988), similar records of employees of criminal justice agencies could be disclosed to the public. Section 24-72-304, C.R.S. (1988 Supp. 1992). Similarly, letters of reference concerning the same employee could be disclosed, and access to employment examinations and scoring keys would be subject to one standard for disclosure under the Criminal Justice Records Act and a different standard under the Open Records Act. Sections24-72-204(2)(a)(I) and (3)(III), C.R.S. (1988). This could not have been the intent of the legislature, and the term "criminal justice records" must have a narrower meaning.
Had the General Assembly intended that all records of a criminal justice agency be subject to the Act, it could have simply used the term "records" in the Act. However, the legislature limited the records covered by the Act to criminal justice
records. In determining the intent of the legislature, effect should be given to every word, phrase, clause, sentence, and section; it should not be presumed that the legislature used language idly and with intent that no meaning be given to its language. Section 2-4-201(1)(b), C.R.S. (1980); People v.Phillips, 652 P.2d 575, 578 (Colo. 1982); Johnston v.City Council, 177 Colo. 223, 493 P.2d 651 (1972); BlueRiver Defense Comm. v. Town of Silverthorne, 33 Colo. App. 10,516 P.2d 452 (1973). It must be presumed that the legislature intended the term "criminal justice" to have meaning.
The definition of "criminal justice agency" set forth in the Act provides insight into the meaning of the term "criminal justice."Common Cause v. Meyer, 758 P.2d 153 (Colo. 1988) (when the legislature employs the same words in different parts of a statute, then, absent any manifest indication to the contrary, the meaning attributed to the words in one part should be ascribed to the same words found elsewhere in the statute). A "criminal justice agency" is
 any court with criminal jurisdiction and any agency . . . which performs any activity directly relating to the detection or investigation of crime; the apprehension, pretrial release, posttrial release, prosecution, correctional supervision, rehabilitation, evaluation, or treatment of accused persons or criminal offenders; or criminal identification activities or the collection, storage or dissemination of arrest and criminal records.
Section 24-72-302(3), C.R.S. (1988). A "criminal justice agency," then, is defined by its functions pertaining to criminal law enforcement and corrections. Further, other records, considered criminal justice records under the Act, all pertain to these functions. Section 24-72-302(1), (6), and (7), C.R.S. (1988). "Criminal justice records," therefore, must be those records which pertain to the criminal law enforcement and crime prevention functions of criminal justice agencies.
The criminal law enforcement function of a criminal court is the adjudication of criminal cases (e.g. charging, bond/bail, evidentiary, guilt or innocence, and sentencing determinations). Therefore, the court's criminal justice records are those records which pertain to the adjudication of these criminal cases.[1] Records unrelated to these criminal adjudications are not subject to the Act.
2. Your second inquiry concerns the meaning of the term "release of such record" as used in recently amended 24-72-304. The statute does not define this term. However, section (1) of24-72-304 refers to official action records which must be "maintained and released pursuant to this part 3. . . ." Section24-72-303(1), C.R.S. (1988) provides that records of official actions shall be "maintained . . . and shall be open for inspection by any person at reasonable times. . . ." In regard to records of official action, then, the term "release" obviously encompasses making records "open for inspection," that is, providing access to a record for inspection by a member of the public. For the reasons set forth below, we believe the phrase "release of such record" in 24-72-304(4) has a similar meaning.
The obvious purpose of the provision is to protect the names of victims from disclosure to the public, and the statute should be construed to give effect to that purpose. SeePeople v. Terry, 791 P.2d 374, 376 (Colo. 1990). Therefore, the deletion requirement must apply when a record is provided for inspection. This deletion requirement also applies when a request is made for copies of a record rather than immediate inspection. While the statute that concerns obtaining copies of criminal justice records does not contain such a requirement, it does refer to making copies "of records which the applicant has the right to inspect." Section 24-72-306(2), C.R.S. (1988). Thus, the right to copies is no greater than the right to inspect, and the name of a victim must be deleted whether inspection is provided through an original or a copy of the record. Any contrary reading would frustrate the legislature's purpose. See Terry, 791 P.2d at 376
("Constructions that defeat the obvious legislative intent should be avoided.").
As we construe it, § 24-72-304 as a whole indicates that the legislature's intent is to provide for inspection of criminal justice records while requiring that sexual assault victims' names be deleted prior to inspection. See SargentSchool District v. Western Services, 751 P.2d 56, 60 (Colo. 1988) (exceptions to the broad, general policy of the Act to provide open records must be narrowly construed). This does not infringe on any right of the public or the press to have access to criminal court records. While some courts have recognized a "constitutionally" based right of public access to court records,see, e.g., Associated Press v. U.S. District Court,705 F.2d 1143 (9th Cir. 1983), but see United States v.Noriega, 752 F. Supp. 1037 (S.D. Fla. 1990), the United States Supreme Court has expressly condoned the type of narrow limitation set forth in this statute.
 [T]he government retains ample means of safeguarding significant interests . . . including a rape victim's anonymity.
. . . .
 To the extent sensitive information is in the government's custody, it has an even greater power to forestall or mitigate the injury caused by its release. The government may classify certain information, establish and enforce procedures ensuring its redacted release and extend a damages remedy against dissemination.
The Florida Star v. B.J.F., 491 U.S. 524, 534 (1989).See Press Enterprises Co. 478 U.S. 1,9 n. 2 (1986), citing Globe Newspaper Co. v.Superior Court, 457 U.S. 596 (1982). Thus, in our view, this narrow limitation on the public's right of access is constitutional.[2]
3. At common law, a right of access to records was recognized for those persons having a special interest in those records. With regard to court records, that special interest is characterized as an interest sufficient to prosecute or defend a particular action. See e.g., Holcombe v.State, 240 Ala. 590, 200 So. 739 (1941); Craemer v.Superior Court, 265 Cal.App.2d 216, 71 Cal.Rptr. 193
(1968); State ex rel. Halloran v. McGrath, 104 Mont. 490,67 P.2d 838 (1937); Mulford v. Davey, 64 Nev. 506,186 P.2d 360 (1947); Re Caswell, 18 R. I. 835, 29 A. 259
(1893). Thus, parties in interest had a right of access to court records.
The Colorado Legislative Council, which prepared a one-year study prior to the enactment of the Open Records Act, recognized the existence of this common law right. The purpose of the Open Records Act was not to regulate the common law right of those with a special interest, but to guarantee "the press and the public . . . the ultimate right of access to all papers, files, and other records of public agencies." Colorado Legislative Council, Report to the Colorado General Assembly of 1967, Research Publication No. 126 at xi. Such a right did not clearly exist at the common law. Id; see DenverPublishing Co. v. Dreyfus, 184 Colo. 288, 520 P.2d 104
(1974) (Open Records Act eliminates requirement that person seeking access demonstrate special interest).
Further, the open records laws were not intended to supplant criminal or civil court procedures. Denver Policemen'sProtective Ass'n. v. Lichtenstein, 660 F.2d 432
(10th Cir. 1981); Martinelli; Losavio v.Mayber, 178 Colo. 184, 496 P.2d 1032 (1972). Rather the "open records laws are `directed toward regulation of the entirely different situation of the general exploration of public records by any citizen during general business hours.'"Martinelli, 199 Colo. at 177, 612 P.2d at 1093, quotingTighe v. City and County of Honolulu, 55 Haw. 420, 424,520 P.2d 1345, 1348 (1974).
The purpose of the Act is not, then, to circumscribe access to court records by a party in interest or his counsel and, absent express language, should not be construed to limit this common law right. Thus, the Act permits release of a record to a party in interest or his counsel without deletion of any victim's name.[3] This does not defeat the purpose of the deletion provision since a party to a criminal proceeding would have access to a victim's name through the discovery process and a subsequent review of the file would not provide any information to which a party or his counsel would not already have access.
Disclosures to other criminal justice agencies "are not releases to the public within the intendment of the Public Records Act."Griffin v. S.W. Devanney, 775 P.2d 555, 562
(Colo. 1989); Cf. Charles River Park "A,"Inc. v. Department of Housing and Urban Development,519 F.2d 935 (D.C. Cir. 1975) (Freedom of Information Act does not prevent government agency from disclosing to state official information otherwise exempt from public disclosure where disclosure would serve a legitimate interest of the state). Thus, the Act permits disclosure of criminal justice records to other criminal justice agencies without deleting the names of victims.
4. Your next inquiry concerns whether the Judicial Department may charge a fee for deleting names of victims from criminal case records. As set forth above, section 24-72-205 was amended to provide that a fee may be charged when the state "has performed a manipulation of data so as to generate a record in a form not used by the state." Section 24-72-205(3), C.R.S. (Supp. 1992). This amendment to the Open Records Act falls within the section pertaining to copies of "public records." The Open Records Act specifically defines public records as not including "criminal justice records." The copying of criminal justice records is covered by section 24-72-306, C.R.S. (1988). Criminal justice records thus are not covered by this amendment to the Open Records Act.
Further, the inapplicability of this section is confirmed by the legislative hearings at which this section was addressed. The purpose of this amendment was to allow a governmental agency to take information kept in government computer databases and, by applying software belonging to a private business enterprise, synthesize that data to provide a record which answers questions not addressed by the unmanipulated records.[4] The placement of this section outside the Criminal Justice Records Act, it legislative history, and its language do not contemplate charging a fee when a victim's name is merely "deleted."
However, section 24-72-306(1), C.R.S. provides that
 Criminal justice agencies may assess reasonable fees, not to exceed actual costs, including personnel and equipment for the search, retrieval, and copying of criminal justice records. . . .
Under this section, an agency may charge a fee for all aspects of producing a record pursuant to a request for that record. When a record is produced for a member of the public, reviewing the record and deleting victims' names is a necessary part of the searching and retrieving process. Therefore, a fee may be charged for such deletions under this section of the Criminal Justice Records Act.
5. Your final inquiry concerns the propriety of the Judicial Department's memorandum interpreting the new subsections of the open records laws. With the following exceptions, the Department's interpretations comply with the open records laws. As set forth above, the applicability of section 24-72-304 of the Act requires the deletion of the names of victims of sexual assault or alleged sexual assault only from court records related to the adjudication of criminal cases (see, part 1,supra). The act requires deletion of such victims' names only where the record is released to a member of the general public for inspection. Deletion is not required where the record is released to a party in interest or his counsel or to a criminal justice agency (see, part 3, supra). The Department's memorandum relies on section 24-72-205(3) for the authority to charge a fee for deleting such victims' names; however, as set forth above, such authority derives from section24-72-306(1). Subject to these exceptions, the Department's memorandum complies with the open records laws.
The Department's memorandum provides a system for deleting the names of such victims from court records upon a request for inspection by a member of the public. This system reasonably complies with the requirements of the open records laws. Of course other systems may be implemented to comply with the deletion requirements and which may prove less onerous to the courts and their personnel. For example, a prophylactic system might be implemented in which victims' names are deleted or masked as a file is being created thus eliminating the need for such deletions upon a request for inspection. Alternatively, depending on the length of the portion of the record to be reviewed, court personnel might simply mask the victim's name in the original file during an inspection by the public. However, the system proposed by the Department sufficiently complies with the open records laws.
SUMMARY
House Bill 92-1195, amending both the Criminal Justice Record Act and the Open Records Act, is not intended to prohibit release of such court records to parties in interest and their counsel or to other criminal justice agencies without deleting victims' names. While § 24-72-205(3) does not provide for the assessment of a fee for making the requisite "deletions," such a fee may be charged under the Criminal Justice Records Act.
Sincerely,
 GALE A. NORTON Attorney General
OPEN RECORDS COURTS STATUTORY CONSTRUCTION
JUDICIAL DEPT.
§ 24-72-304(4), C.R.S. (Supp. 1992) § 24-72-205(3), C.R.S. (Supp. 1992)
Davidson v. Dill, 43 Colo. App. 30, 598 P.2d 157 (1979)Martinelli v. District Court, 199 Colo. 163, 612 P.2d 1083
(1980)
Section 24-72-304(4), C.R.S. (Supp. 1992) requires courts to delete the names of victims of sexual assault or alleged sexual assault from records that pertain to the adjudication of criminal cases. Such deletions are only required prior to providing access to a record for inspection by a member of the general public and not when access is provided to a criminal justice agency or a party in interest. The Judicial Department may charge a fee for making the required deletions.
[1] The open records laws are not to be confused with the Open Records Act. The Open Records Act, the Criminal Justice Records Act, and the Judicial Disciplinary Hearings Act, Parts 2, 3, and 4 of Article 72 of Title 24, comprise the open records laws (also referred to as the Public Records Act).
[1] Juvenile delinquency adjudications are not criminal adjudications, and delinquency records are covered by 19-1-119, C.R.S. (1992 Supp.), not the Criminal Justice Records Act.
[2] The press' right of access is identical to, and no greater than the public's right of access. Richmond Newspapers, Inc.v. Virginia, 448 U.S. 555, 577 n. 12 (1980); StarJournal v. County Court, 197 Colo. 234, 591 P.2d 1028
(1979); Eugene Cervi Co. v. Russell, 184 Colo. 282,519 P.2d 1189 (1974). Thus, this limitation on access is constitutional when applied to the press or the public.
[3] A court may, of course, under appropriate circumstances, prohibit a party in interest from publicly disclosing a victim's identity. See Application of Dow Jones Co.,Inc., 842 F.2d 603 (2d Cir. 1988).
[4] An example offered at the hearings concerned a pizza delivery business that wanted to determine the most efficient routes to various locations and, by applying its software to government data bases containing the location and synchronization of street lights, a government agency could provide such a record, even though it did not previously exist. Tape, February 3, 1992, House Committee on Local Government at 17:00-17:30; Tape, February 10, 1992, House Committee on Local Government, at 15:38.