1997-NMCA-079

944 P.2d 285

**Barbara Malczewska TOTH, Petitioner–Appellant,**

v.

**ALBUQUERQUE POLICE DEPARTMENT, CITY OF ALBUQUERQUE, Respondent–Appellee.**

No. 17703.

Court of Appeals of New Mexico.

July 24, 1997.

Camille Cordova, Albuquerque, for Petitioner–Appellant.

Mark L. Drebing, A.P.D. Legal Counsel, Albuquerque, for Respondent–Appellee.

## OPINION

PICKARD, Judge.

1. This case addresses whether adult arrest records may be expunged. Barbara Malczewska Toth (Petitioner) was issued a criminal citation in July 1993 for misdemeanor shoplifting. After the charges were dismissed, Petitioner filed a petition in district court to expunge her arrest record. The court denied her petition and Petitioner appealed. We are asked to decide two issues: (1) whether the district court has authority to expunge an arrest record and (2) if so, whether the evidence presented at trial supports expungement of Petitioner's arrest record. Even assuming that New Mexico courts have inherent power to order criminal records expunged, we hold this power would not properly be exercised in Petitioner's case. Therefore, we affirm.

## FACTS

2. Petitioner was cited for misdemeanor shoplifting. The charge was eventually dismissed pursuant to an agreement with the prosecution providing that Petitioner attend petty larceny school and there be no further arrests. Following dismissal of the criminal charge, Petitioner petitioned the district court to expunge her arrest record. Petitioner claimed, as the basis of her petition, that she believed her future employment prospects might be affected if she were investigated for a security clearance. The Albuquerque Police Department (Respondent) opposed Petitioner's request for expungement, arguing that the district court did not possess the power to expunge or seal an arrest record, and assuming the court did possess such power, Petitioner had not shown compelling circumstances to justify expungement.

3. The district court denied the petition, concluding that it did not have inherent authority to expunge Petitioner's arrest record. Moreover, the court stated that even if it did possess that authority, Petitioner failed to demonstrate exceptional circumstances justifying expungement. Thereafter, Petitioner filed a notice of appeal.

## DISCUSSION

4. We know of no statute in New Mexico granting our courts authority to seal or expunge adult criminal records. A related statute, the Arrest Records Information Act, NMSA 1978, §§ 29–10–1 to –8 (Repl. Pamp.1994), is designed, in part, to protect individual rights "if information is inaccurate, incomplete or is disseminated irresponsibly." Section 29–10–2. However, that statute does not apply in this case. Petitioner does not challenge the validity of the criminal citation or the accuracy of the information contained therein. Furthermore, the Arrest Records Information Act does not grant the court authority to expunge or seal records, even for information that does fall within the act.

5. Petitioner acknowledges that no statutory authority exists which grants the district court power to expunge adult criminal records. However, Petitioner contends that, in the absence of a statutory directive, expungement may occur under the court's inherent

equitable powers as granted by Article VI, Section 13 of the New Mexico Constitution. No New Mexico authority directly supports Petitioner's argument. Nevertheless, a few out of state cases have found that courts do possess inherent power to expunge arrest records. *See generally* Gary D. Spivey, Annotation, *Right of Exonerated Arrestee to Have Fingerprints, Photographs or Other Criminal Identification or Arrest Records Expunged or Restricted,* 46 A.L.R.3d 900, 905 (1972).

6. However, the majority of cases hold that in the absence of statutory authority, courts do not have the power to expunge or restrict access to arrest records. *Id.* at 904; *see also Loder v. Municipal Court,* 17 Cal.3d 859, 132 Cal.Rptr. 464, 476–77, 553 P.2d 624, 636–37 (1976) (absent a legislative provision for expungement, judicial intervention is unwarranted); *Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157, 162 (1972) (en banc) ("[D]isposition of arrest records is subject to legislative control.") (decided before enactment of statute on the matter, *see People v. Wright,* 43 Colo.App. 30, 598 P.2d 157, 159 (1979)); *State v. Haug,* 237 Kan. 390, 699 P.2d 535, 538 (1985) (the decision about expungement of records must be left to the legislature); *Springer v. State,* 50 Or.App. 5, 621 P.2d 1213, 1217–18 (1981); *State v. Gilkinson,* 57 Wash.App. 861, 790 P.2d 1247, 1249–50 (1990) (without statutory grant of authority, the court lacked authority to order expungement of arrest records).

7. In this case, we need not, and do not, decide the underlying question of inherent authority in the judiciary to expunge or seal arrest records. We assume, without deciding, that the court below had such authority. Nonetheless, we affirm the district court's decision, holding that Petitioner has failed to present compelling circumstances to justify expungement.

■ 8. Courts which recognize an inherent power to expunge arrest records have tempered this power by requiring that it be exercised sparingly and only in extraordinary circumstances. *See United States v. Pinto,* 1 F.3d 1069, 1070 (10th Cir.1993) (explaining that in extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal); *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975) (the power

to expunge is "a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case"); *United States v. McLeod,* 385 F.2d 734, 750 (5th Cir.1967) (expungement of arrest records ordered when court determined that arrests had been undertaken to deter voter registration).

9. In *Journey v. State,* 850 P.2d 663, 666 (Alaska.Ct.App.1993), *aff'd,* 895 P.2d 955 (Alaska 1995), the Alaska Court of Appeals assumed, as we do, an inherent judicial authority to expunge criminal records, but the court noted, as we do, "that this power—arising, as does all inherent judicial authority, from necessity—should be sparingly used." The needs of the criminal justice system for maintenance of accurate records should ordinarily prevail over the individual's right to privacy except for the most "exceptional circumstances." *Id.*

■ 10. Petitioner does not challenge the accuracy of the information in her record; nor does she challenge the general interest of law enforcement agencies in retaining this type of information. Petitioner never challenged the lawfulness of the underlying arrest; nor was it established that the dismissal of charges against Petitioner was predicated on factual innocence. Rather, Petitioner asserts that her future employment prospects may be damaged if her arrest record is not expunged.

11. In our view, this is no more than the natural consequence of a lawful arrest. If Petitioner were allowed to expunge her records solely on this basis, then expunging records would become the rule rather than the exception. We hold that Petitioner did not present sufficient extraordinary circumstances to justify exercise of the district court's discretion.

*CONCLUSION*

12. Therefore, we affirm.

13. **IT IS SO ORDERED.**

FLORES and BOSSON, JJ., concur.