**Certiorari Granted, June 2, 2010, No. 32,379**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-050**

**Filing Date: April 5, 2010**

**Docket No. 28,447**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellant,**

**v.**

**C. L.,**

      **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**FRY, Chief Judge.**

**{1}** The State appeals the district court's order expunging all records relating to the arrest and subsequent court proceedings regarding Defendant. Defendant was prosecuted for negligent child abuse, pleaded guilty, received a conditional discharge, and successfully

completed her term of probation. Defendant was subsequently denied two employment opportunities based on her criminal record and petitioned the district court for an expungement order. The district court entered the order after finding that exceptional circumstances warranted expungement. On appeal, the State argues that the district court did not have the authority to order the expungement and that assuming the court did have the authority, Defendant failed to demonstrate the existence of extraordinary circumstances required for the court to exercise that authority. We agree with the State that Defendant failed to demonstrate the existence of extraordinary circumstances and therefore reverse the district court's order.

## BACKGROUND

**{2}** In March 2002, Defendant was indicted on one count of child abuse resulting in great bodily harm, contrary to NMSA 1978, Section 30-6-1(D) (2009), a first degree felony. In September 2003, Defendant entered an *Alford* plea in which she pleaded guilty to one count of child abuse not resulting in great bodily harm, a third degree felony. Defendant was sentenced to five years of supervised probation. Following Defendant's plea, the district court found that Defendant's case was "a fit and proper subject" for a conditional discharge and ordered Defendant's sentence to be deferred during the course of her probation. Pursuant to the conditional discharge statute, NMSA 1978, Section 31-20-13 (1994), the court ordered that "upon expiration of the probationary period, the [c]ourt shall discharge . . . Defendant and dismiss all criminal proceedings against" her without an adjudication of guilt.

**{3}** In 2006, the district court granted Defendant an early release from probation. In 2007, Defendant filed a motion seeking an order expunging or sealing all records of her conviction or arrest held by the various law enforcement agencies she had come into contact with, the district attorney's office, and the court. Following a hearing on the matter, the district court found that "[t]here are exceptional circumstances in this matter warranting the expungement of any and all criminal records in this cause of action." The court noted that those exceptional circumstances included the fact that Defendant was charged only as an accessory in the underlying crime, she had entered an *Alford* plea, she was granted a conditional discharge and was released early due to her satisfactory compliance with the terms of release, she had been denied employment opportunities as a result of her criminal record, she had been industrious and continued her education, and she had no prior criminal record.

**{4}** The State appeals, arguing that the district court did not possess the statutory or inherent authority to order the expungement of Defendant's criminal records and that, assuming the court did have the authority, the court abused its discretion in ordering the expungement because the circumstances do not rise to the level required for a court to expunge criminal records.

**The Conditional Discharge Statute Does Not Grant the Authority to Expunge Criminal Records**

**{5}** Defendant argues that the conditional discharge statute, Section 31-20-13, implicitly grants the district court the authority to expunge criminal records in order to carry out and give meaning to the statute. Whether the conditional discharge statute grants such authority is a question involving statutory construction, which we review de novo. *State v. Rivera*, 2004-NMSC-001, ¶ 9, 134 N.M. 768, 82 P.3d 939 (filed 2003).

**{6}** When interpreting a statute, we look first at the text of the statute because "the plain language of the statute [is] the primary indicator of legislative intent." *State v. Willie*, 2009-NMSC-037, ¶ 9, 146 N.M. 481, 212 P.3d 369 (alteration in original) (internal quotation marks and citation omitted). We also consider the statutory subsection "in reference to the statute as a whole and in reference to statutes dealing with the same general subject matter." *State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 (internal quotation marks and citation omitted). We interpret statutes in a manner that avoids absurd or unreasonable results. *State v. Padilla*, 1997-NMSC-022, ¶ 6, 123 N.M. 216, 937 P.2d 492.

**{7}** The conditional discharge statute provides that "[w]hen a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation." Section 31-20-13. Defendant acknowledges that the plain language of the statute does not expressly grant the district court the authority to expunge criminal records; however, she contends that the purpose of this statute is to give a first-time offender a clean slate and that the statute therefore implicitly gives the district court the authority to expunge criminal records. According to Defendant, if the statute does not implicitly allow the district court to expunge a defendant's criminal records, then the purpose of the statute cannot be fulfilled.

**{8}** We do not agree. The purpose is fulfilled because there is a clear benefit to Defendant—without expungement—that she has already enjoyed by virtue of being sentenced pursuant to the conditional discharge statute. A sentence entered pursuant to the conditional discharge statute is entered without any adjudication of guilt. *State v. Herbstman*, 1999-NMCA-014, ¶ 11, 126 N.M. 683, 974 P.2d 177 (filed 1998). Thus, the court records that are publicly available to a prospective employer would not reflect that Defendant pleaded guilty or otherwise show any finding as to Defendant's guilt—only that the case against Defendant was dismissed. In contrast, had Defendant been given a deferred or a conditional sentence, the records would reflect an adjudication of guilt. *Id.* (explaining that "[a] deferred sentence is entered with an entry of adjudication of guilt, but does not necessarily subject the defendant to criminal consequences"). Not only would a prospective employer be unable to determine that Defendant had pleaded guilty, but Defendant can also truthfully state that she has never been convicted of a felony if asked that question on an employment application because there has been no adjudication of her guilt. *See id.* ¶ 19 (noting that an individual granted a conditional discharge for a sex offense has no obligation to register as a sex offender since there has been no finding of guilt). Defendant therefore receives a special benefit from the conditional discharge statute that is not available with any other type of sentence.

3

**{9}** Defendant's argument is also undercut by the plain language of the statute. A district court can enter a conditional discharge order only on behalf of a "person who has not been previously convicted of a felony offense," and the order "may only be made available once with respect to any person." Section 31-20-13. If, as Defendant argues, the statute implicitly allows a district court to expunge all records of the conditional discharge and the underlying crime, then the Legislature's intention of allowing a conditional discharge only for first-time offenders would be frustrated because there would be no record that an individual had previously offended.

**{10}** Our conclusion is further supported by the fact that "at the same time and in the same act in which the [L]egislature enacted the conditional discharge statute, it [also] amended the habitual offender statute, NMSA 1978, [Section] 31-18-17 [(2003)], to specifically include conditional discharge orders as usable for habitual offender sentence enhancement purposes." *Herbstman*, 1999-NMCA-014, ¶ 20. Because a conditional discharge may be used for purposes of determining whether an individual is a repeat offender, it would be unreasonable to interpret the conditional discharge statute as implicitly allowing a district court to expunge all records of the arrest and judicial procedures.

**{11}** Defendant contends that other statutes expressly allow the expungement of criminal records and provide an additional context to establish that the Legislature intended the conditional discharge statute to implicitly grant the district court expungement power. For example, Defendant points to NMSA 1978, Section 30-31-28 (1972), which allows a court to give a conditional discharge for a first-time offender charged with possession of narcotics. It provides that a court may order the expungement of "all official records . . . relating to [the] arrest, indictment or information, trial, finding or plea of guilty, and dismissal and discharge" as long as the offender was under eighteen at the time of the arrest. Section 30-31-28(D). The effect of the order is to "restore the person, in the contemplation of the law, to the status he occupied before the arrest or indictment or information." *Id.*

**{12}** We are not persuaded. If, as Defendant argues, the statute permitting a conditional discharge automatically includes the authority to expunge criminal records, then the Legislature's express grant of the authority to expunge in Section 30-31-28 would be mere surplusage because it would be granting a right already implied by the ability to give first-time narcotics offenders a conditional discharge. *See State v. Chavez*, 2008-NMSC-001, ¶ 21, 143 N.M. 205, 174 P.3d 988 (filed 2007) (explaining that "[t]his Court presumes that the Legislature is aware of existing case law and acts with knowledge of it"); *State v. Rivera*, 2004-NMSC-001, ¶ 18, 134 N.M. 768, 82 P.3d 939 (filed 2003) (explaining that when construing a statute, a court must ensure that no part of a statute is rendered surplusage or meaningless).

**{13}** In addition, by including express language dictating who is eligible for the expungement of criminal records in Section 30-31-28(D), the Legislature has demonstrated the ability to expressly grant the power to expunge when it wishes to do so. If the Legislature had also intended Section 31-20-13(D) to include a right to expunge criminal records, it could have included an express grant of expungement power as it did in Section 30-31-28. *See Chavez v. Desert Eagle Distrib. Co.*, 2007-NMCA-018, ¶ 28, 141 N.M. 116,

151 P.3d 77 (filed 2006) (concluding that "[h]ad the [s]tate wanted to provide a uniform system throughout New Mexico of operating hours for establishments serving alcohol . . . it could have included hours and days restrictions in its gaming compact with the [t]ribe").

{14}    We therefore conclude that the conditional discharge statute did not implicitly grant the district court the authority to order the expungement of Defendant's criminal records upon her successful completion of the terms of her probation.

**Assuming the District Court has the Inherent Authority to Order the Expungement of Criminal Records, Defendant Failed to Demonstrate the Existence of Exceptional Circumstances Necessary to Exercise That Authority.**

{15}    Defendant also argues that the district court has the inherent equitable authority, derived from our state constitution, to order the expungement of criminal records. We considered this argument in *Toth v. Albuquerque Police Department*, 1997-NMCA-079, 123 N.M. 637, 944 P.2d 285. In that case we acknowledged that a majority of jurisdictions recognize that district courts possess the inherent authority to expunge criminal records. *Id.* ¶¶ 5-6 (compiling cases in which courts have and have not recognized inherent authority to expunge criminal records). However, we declined to directly address whether the courts of our state have such inherent authority because, assuming that they do, the petitioner in *Toth* failed to establish compelling circumstances that would justify expungement. *Id.* ¶ 7.

{16}    We explained that "[c]ourts which recognize an inherent power to expunge arrest records have tempered this power by requiring that it be exercised sparingly and only in extraordinary circumstances." *Id.* ¶ 8. We further explained that because the petitioner had only suffered the loss of future employment prospects, a harm that was "no more than the natural consequence of a lawful arrest," she had failed to demonstrate the extraordinary circumstances necessary to justify expungement. *Id.* ¶ 11. In this case, as in *Toth*, we assume without deciding that the district court has the authority to expunge criminal records, and we conclude that Defendant failed to demonstrate the existence of the extraordinary circumstances necessary to justify expungement.

{17}    As grounds for the expungement of Defendant's criminal records, the district court found that Defendant was charged only as an accessory in the underlying crime, she had entered an *Alford* plea, she was granted a conditional discharge and was released early due to her satisfactory compliance with the terms of release, she had been denied employment opportunities as a result of her criminal record, she had been industrious and continued her education, and she had no prior criminal record. Contrary to the district court's determination, we conclude that these circumstances simply do not rise to the level required for expungement.

{18}    Here, as in *Toth*, Defendant does not challenge the accuracy of the information "in her record[,] . . . the general interest of law enforcement agencies in retaining" the criminal records, or "the lawfulness of the underlying arrest," and she has not demonstrated "that the dismissal of [the] charges against [her are] predicated on factual innocence." *Id.* ¶ 10. Rather, like the petitioner in *Toth*, Defendant alleges only that she is unable to obtain

5

employment in certain fields due to the existence of the criminal records. Courts have consistently held that being unable to find a job is insufficient to establish the extraordinary circumstances necessary to justify expungement. *Id.* ¶¶ 10-11 (noting that damage to future employment prospects is a natural consequence of arrest that does not rise to the level required for expungement); *see United States v. Fields*, 955 F. Supp. 284, 285 (S.D.N.Y. 1997) (explaining that "the difficulties faced by [the defendant] in finding and keeping a steady job do not rise to the level of 'extreme circumstances' required before a court will exercise its inherent power to expunge").

{19}     Defendant's good behavior since her arrest and subsequent plea, which apparently permitted her to obtain early release from probation and to regain custody of her child, is commendable. In addition, we are mindful that Defendant has worked hard to further her education and to obtain gainful employment and that she has had no other interactions with our judicial system since her arrest and subsequent plea. Yet, despite the progress Defendant has made, her inability to obtain employment is a natural consequence of her arrest, not an extraordinary circumstance that would justify expungement of records. In this case, as in *Toth*, if Defendant "were allowed to expunge her records solely on this basis, then expunging records would become the rule rather than the exception." 1997-NMCA-079, ¶ 11. Defendant did not allege that her arrest was illegal, unconstitutional, based on inadequate or flawed procedures, nor did she make any other argument demonstrating extraordinary circumstances. *See United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (noting that exceptional circumstances have been found where "procedures of mass arrests rendered judicial determination of probable cause impossible, where the court determined the sole purpose of the arrests was to harass civil rights workers, where the police misused the police records to the detriment of the defendant, or where the arrest was proper but based on a statute later declared unconstitutional" (citations omitted)). We therefore hold that the district court erred in ordering the expungement of Defendant's criminal records.

## CONCLUSION

{20}     For the foregoing reasons, we reverse the district court's order.

{21}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

6

**Topic Index for *State v. C.L.*, Docket No. 28,447**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CN | Child Abuse and Neglect |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-EG | Expunged or Sealed Records |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |