This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MANUEL TRUJILLO**,

 Plaintiff-Appellant,

v.              **NO. 30,840**

**STATE OF NEW MEXICO, c/o**
**VICTOR VALDEZ**,

 Defendant-Appellee,

and

**CITY OF ALBUQUERQUE,**
**c/o RAY SCHULTZ,**

 Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Manuel Trujillo
Albuquerque, NM

Pro Se Appellant

Jarmie & Associates
Mark D. Jarmie
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Manuel Trujillo (Plaintiff) appeals from the order of partial dismissal with prejudice as to Defendant Judge Valdez (Defendant). [RP 59] We have considered Plaintiff's response to this Court's third calendar notice proposing summary affirmance of the district court's order of dismissal. We have also considered Defendant's response to Plaintiff's motion to amend and to the third calendar notice. We affirm the district court order of dismissal with regard to Defendant. In addition, we deny Plaintiff's motion to amend his response to this Court's third calendar notice because it raises issues that are not viable, as discussed below. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (holding that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**DISCUSSION**

**Background Facts**

Plaintiff's complaint asserts that, in violation of his civil rights, Defendant, a metropolitan court judge, wrongfully caused Plaintiff to be arrested and prosecuted, sentenced to community service, and fined. [RP 8] Plaintiff asks for one hundred

2

fifty million dollars in damages and for his arrest record to be expunged. [Id.] Defendant moved to dismiss the complaint for failure to state a claim on the grounds that Defendant's actions were taken in his capacity as a judge for which he has absolute judicial immunity. [RP 38] Defendant's motion indicates that Plaintiff was served with the motion by mail. [RP 39] Plaintiff did not respond to the motion as provided in Rule 1-007.1(D) NMRA. The district court entered the order dismissing Defendant on the merits of the motion and because no response was filed. [RP 59]

**Standard of Review**

A motion to dismiss made pursuant to Rule 1-012(B)(6) NMRA tests the legal sufficiency of the plaintiff's complaint. *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 760, 750 P.2d 118, 121 (1988). Dismissal on Rule 1-012(B)(6) grounds is appropriate if the plaintiff is not entitled to recover under any theory of the facts alleged in his complaint. *See Kirkpatrick v. Introspect Healthcare Corp.*, 114 N.M. 706, 709, 845 P.2d 800, 803 (1992). We limit our inquiry to the contents of Plaintiff's complaint and assume that the facts alleged in his complaint are true. *Castillo v. Santa Fe Cnty.*, 107 N.M. 294, 205, 755 P.2d 48, 49.

**The Motion to Dismiss was Properly Granted**

Plaintiff alleges that he was arrested on or about June 21, 2008, on "warrants that did not exist." [RP 8] As a result of his arrest, Plaintiff claims that he "went

before numerous [j]udges before [his] release on the 25th of June." [Id.] After his release, Plaintiff states that he was "required to appear several more times before the Court[]" and [on] one occasion[,] [h]e was "ordered to do a urine analysis which invaded [his] privacy." [Id.] Plaintiff further states that he was sentenced to do thirty hours of community service, "which was later converted to a $150 fine," and he was "put in[to] the probation system" which, he alleges, violated a plea that involved charges that were brought against him in 1995. [Id.] Plaintiff admits, however, that he pled guilty to the underlying charges, resulting in a $25 fine. [Id.] Based on these facts, Plaintiff claims that Defendant violated his civil rights and that he is entitled to damages therefor. [Id.] As Defendant observes, Plaintiff's complaint asserts that his civil rights were violated by numerous judges, but he names only Defendant in his complaint. [MIS 1/25/11, 2] Defendant was the last of several metropolitan court judges to preside over a criminal case that was initiated against Plaintiff in 1995, *State v. Trujillo*, No. DD813595, Bernalillo County Metropolitan Court. [Id.] In his motion to amend his response to the third calendar notice (the motion to amend), Plaintiff proposes to also add the names of other metropolitan court judges/personnel as parties. [Motion to Amend, 2] As Defendant discusses in his response to the motion to amend, Plaintiff may not add, at the appellate level, new defendants who were not named and did not participate in the action below. [MIS, 7/1/11, 2-3] Any

4

attempt to do so denies due process to the parties sought to be added and violates fundamental principles that require issues to be raised and ruled upon, i.e. properly preserved, at the trial court level prior to appeal. *See, e.g., State v. Sanchez*, 80 N.M. 438, 440, 457 P.2d 370, 372 (1969) ("The essential elements of 'due process of law' and 'the Law of the Land,' as they relate to a judicial proceeding, are notice and an opportunity to defend.") (citation omitted); *see also* Rule 12-216 NMRA; *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Thus, we deny Plaintiff's motion to amend based on this first issue.

Finally, the same legal principles and analysis set forth in the third calendar notice with regard to Defendant apply equally to the additional judicial persons Plaintiff proposes to add to this lawsuit in the motion to amend. It is well-settled that judges have absolute immunity from liability for damages for acts undertaken within the scope of their judicial duties. In *Collins ex rel. Collins v. Tabet*, our Supreme Court discussed that judicial, prosecutorial, and legislative functions require absolute immunity. 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). In *Collins*, our Supreme Court also set forth the rationale behind the absolute immunity doctrine:

> The basic reason for recognizing the absolute immunity enjoyed by various government officials and others in discharging their official

5

duties has been reiterated in several [United States] Supreme Court cases. It was articulated as follows in a leading decision confirming the absolute immunity of a judge who acts within his jurisdiction:

> His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* (internal quotation marks and citation omitted). In evaluating whether judicial immunity applies, this Court does not examine Plaintiff's allegations of improper or illegal conduct; rather, we focus on the role that Defendant played and evaluate whether that role was integral to the judicial process. *See Hunnicut v. Sewell*, 2009-NMCA-121, ¶ 14, 147 N.M. 272, 219 P.3d 529, 534 (stating that "a defendant is entitled to absolute judicial immunity when a defendant's role is functionally comparable to that of a judge or when a defendant's action is integrally related to an ongoing judicial proceeding") (internal quotation marks and citation omitted).

In this case, Plaintiff raises civil rights claims against Defendant, and other judicial persons named in the motion to amend [Motion to Amend, 2], for actions they took within the scope of their judicial duties. To the extent that Defendant, and any other metropolitan court judge, ordered Plaintiff to participate in an urinalysis test, sentenced Plaintiff to community service and/or probation, or fined Plaintiff as set forth in the complaint, they did so as metropolitan court judges and they did so while acting within their roles as judges in a capacity that is integral to the judicial process.

6

To the extent that Plaintiff continues to argue in the memorandum [3rd MIO 3] that Defendant, or, as set forth in the motion to amend, other metropolitan court judges [Motion to Amend, 2], are liable to Plaintiff for malicious prosecution under 42 U.S.C. Section 1983 (1996), or for finding probable cause for his arrest, prosecuting, sentencing, and confining him, we have no basis whatsoever to believe that any of them acted outside their roles as judges and within the judicial process. As such, they are entitled to absolute judicial immunity. Plaintiff's allegation in the motion to amend that he actually did prevail below because the "fail to pay fines warrant" was quashed [Motion to Amend, 2], demonstrates precisely that Defendant continued to judge the situation as the facts and the law allow; Defendant acted within his role as a judge for which he is entitled to absolute judicial immunity from the civil liability Plaintiff seeks to assert and the money damages Plaintiff alleges are due. Thus, we deny Plaintiff's motion to amend based on this second issue.

With regard to Plaintiff's assertions that he is entitled to have his criminal record expunged, we disagree. In *Toth v. Albuquerque Police Department*, 1997-NMCA-079, 123 N.M. 637, 944 P.2d 285, we acknowledged that a majority of jurisdictions recognize that district courts possess the inherent authority to expunge criminal records. *Id.* ¶¶ 5-6. In *Toth*, however, we explained that "[c]ourts which recognize an inherent power to expunge arrest records have tempered this power by

requiring that it be exercised sparingly and only in extraordinary circumstances." *Id.*

¶ 8. We hold that Plaintiff's complaint does not allege facts constituting extraordinary circumstances for expungement of his record.

**CONCLUSION**

We affirm the district court's order granting Defendant's motion to dismiss Plaintiff's complaint.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**