This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHRISTIAN ANDERSSON,**

Petitioner-Appellant,

**v.**                                                                    **No. 31,415**

**STATE OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Barnett Law Firm, P.A.
Colin L. Hunter
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Andersson appeals an order denying his petition to expunge his 1984 convictions for commercial burglary. In this Court's notice of proposed summary disposition, we proposed to affirm. Andersson has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Andersson's arguments, we affirm.

In our notice of proposed summary disposition, we proposed to hold that even if we were to assume that the district court had the inherent authority to expunge a conviction, expungement would not be warranted in this case as there were no extraordinary circumstances. *See State v. C.L.*, 2010-NMCA-050, ¶ 15, 148 N.M. 837, 242 P.3d 404 (finding expungement unwarranted where the defendant was charged only as an accessory in the underlying crime, she had entered an *Alford* plea, she was granted a conditional discharge and was released early due to her compliance with the terms of release, she had been denied employment opportunities as a result of her criminal record, she had been industrious and continued her education, and she had no prior criminal record). Andersson agrees with our assessment. [MIO 2]

Instead, in his memorandum in opposition, Andersson asserts that his criminal record is "inaccurate." [MIO 3] Although the inaccuracy of a criminal record may provide one possible basis for expungement in certain circumstances, *see id.* ¶ 18, Andersson has not actually demonstrated that his record is inaccurate. In the district

court, Andersson conceded that he was convicted of the crimes in question and that he received a deferred sentence pursuant to NMSA 1978, Section 31-20-3 (1977) (prior to 1985 amendment). [RP 1] As he failed to demonstrate to the district court that his criminal record is inaccurate, we hold that even if the district court had the authority to expunge Andersson's record, it did not err in declining to do so.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**