This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 31,852

**DAVID ZIMMERMAN RING IV,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Mike Gendall, Law Student
Santa Fe, NM

for Appellee

Ray Twohig, P.C.
Ray Twohig
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant David Zimmerman Ring IV appeals from the district court's denial of his motion to seal portions of his criminal records and to correct alleged errors in his online criminal records that are available for public viewing on the online case lookup system utilized by New Mexico Courts. We affirm in part, reverse in part, and remand to the district court for further proceedings.

**BACKGROUND**

{2}    In 1998, Defendant was indicted on multiple felony counts of criminal sexual penetration and criminal sexual contact with a minor. At the time of the alleged crimes, Defendant was eighteen years old and the minor child was between twelve and thirteen years old. During the course of the proceedings in district court, Defendant entered a guilty plea to two counts of criminal sexual contact with a minor, a third degree felony, and two counts of criminal sexual penetration of a minor, a fourth degree felony. Under the terms of the plea agreement, the remaining charges against Defendant were dismissed with prejudice. At Defendant's sentencing hearing, the district court entered a conditional discharge pursuant to NMSA 1978, Section 31-20-13 (1994), in which the court, without entering an adjudication of guilt in the case, ordered Defendant to complete a term of five years of supervised probation with certain conditions. *See* § 31-20-13(A) (providing that "[w]hen a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an

2

adjudication of guilt, enter a conditional discharge order and place the person on probation"). After Defendant completed approximately half of his probation term, the district court amended the order of conditional discharge to terminate Defendant's remaining probationary term and dismissed the case with prejudice.

{3}     Approximately ten years after the case dismissal, Defendant filed a motion in district court seeking to seal portions of his criminal records and to make corrections to records that are available for public viewing on the New Mexico Courts' online case lookup system. *See* https://caselookup.nmcourts.gov.  The district court denied Defendant's motion, finding in relevant part that: (1) the underlying facts and circumstances presented by Defendant failed to meet the requirements for sealing set forth in Rule 5-123(G) NMRA; and (2) the online case lookup system was accurate with respect to the final disposition of the case.  This appeal followed.

**DISCUSSION**

{4}     On appeal, Defendant argues that the district court: (1) erroneously treated his motion to seal records as a request for expungement; (2) erred in finding that Defendant failed to meet the requirements set forth in Rule 5-123(G); and (3) incorrectly determined that Defendant's records in the court's online case lookup system were accurate.  We address each of these arguments in turn.

**District Court's Treatment of Defendant's Motion as a Request for Expungement**

{5}     Defendant's first argument on appeal is that the district court erroneously treated his motion to seal records as a request for expungement.  In its order denying Defendant's motion to seal his records, the district court included a finding directed at expungement of Defendant's criminal records.  Specifically, the court found that "Defendant failed to demonstrate the existence of exceptional or extraordinary circumstances necessary for th[e c]ourt to exercise its inherent authority" to expunge records under *Toth v. Albuquerque Police Department*, 1997-NMCA-079, 123 N.M. 637, 944 P.2d 285, and *State v. C.L.*, 2010-NMCA-050, 148 N.M. 837, 242 P.3d 404. Both *Toth* and *C.L.* concerned the expungement of criminal records.  *See C.L.*, 2010-NMCA-050, ¶ 1; *Toth*, 1997-NMCA-079, ¶ 1. Defendant argues on appeal that the district court erred in entering this finding because he never sought an expungement of his criminal records in the proceedings before the district court.  A large portion of Defendant's brief in chief focuses on addressing the differences between expungement and sealing of records and why the "exceptional or extraordinary circumstances" standard for expungement that the district court applied is inapplicable to the case at issue.

{6}     Based on our review of the transcript of the hearing on Defendant's motion to seal, it appeared that the reason the district court addressed expungement in its order is likely a result of the State's argument at the hearing that Defendant's motion

4

essentially amounted to a request to expunge his criminal records. While we agree with Defendant that the State erroneously characterized his motion and that the district court consequently did not need to address expungement in its order, we observe that the district court did proceed in its order to address the substance of Defendant's motion—his request to seal portions of his criminal records. Defendant concedes in his briefing that the district court did address the specific type of relief that he requested in his motion. We therefore see no reason to address Defendant's arguments on expungement because, as a general rule, we may affirm the district court if it was correct for any reason. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant). We thus proceed to directly consider the portion of the court's order directed at the sealing of portions of Defendant's criminal records.

**The District Court's Determination That Defendant Failed to Meet the Requirements for Sealing Set Forth in Rule 5-123(G)**

{7}    Rule 5-123 governs the public inspection and sealing of court records. The Rule states that there is a presumption that court records are subject to public access unless the records are sealed by order of the court or otherwise protected from disclosure. *See* Rule 5-123(A). The Rule enumerates certain types of court proceedings and other information that are to be automatically sealed without motion

or order of the court. *See* Rule 5-123(C), (D). And of direct relevance here, the Rule provides that court records may otherwise be sealed if the court, by written order, finds the following:

   (a)   the existence of an overriding interest that overcomes the right of public access to the court record;

   (b)   the overriding interest supports sealing the court record;

   (c)   a substantial probability exists that the overriding interest will be prejudiced if the court record is not sealed;

   (d)   the proposed sealing is narrowly tailored; and

   (e)   no less restrictive means exist to achieve the overriding interest.

Rule 5-123(G)(1). Based on the use of discretionary language in the Rule—i.e., that a court *may* seal records if the above requirements are met—we conclude that a district court's determination under Rule 5-123(G)(1) is discretionary in nature. In recognition of this discretion, we will reverse the district court's decision only on a showing of an abuse of discretion. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

{8}      In this case, the district court denied Defendant's motion to seal based on its finding that the "underlying facts and circumstances presented [by Defendant] do not

6

meet the requirements of Rule 5-123(G)." On appeal, Defendant appears to raise the following arguments as to why the district court's finding was erroneous: (1) the purpose of the conditional discharge statute is an overriding interest that overcomes the public's right to access court records as a matter of law; and (2) Defendant presented sufficient evidence below showing that he met the requirements of Rule 5-123(G)(1). For the reasons that follow, we disagree and affirm the district court's denial of Defendant's motion to seal.

**{9}** As an initial matter, we are not persuaded by Defendant's argument that the purpose of the conditional discharge statute constitutes an overriding interest as a matter of law that overcomes the public's right to access court records. We understand Defendant's argument to be as follows. Defendant contends that Section 31-20-13, the general conditional discharge statute, conveys a special benefit of eradicating any adjudication of guilt upon the entry of the conditional discharge order and successful completion of probation. *See C.L.*, 2010-NMCA-050, ¶ 8 (explaining that a defendant receives a special benefit in that a sentence entered pursuant to the conditional discharge statute is entered without any adjudication of guilt and thus allows a defendant to later maintain that he or she has never been convicted of a felony). Defendant asserts that this special benefit behind the statute "is an overriding interest . . . [that] overrides the right of public access to certain court records."

{10} We disagree that the entry of a conditional discharge in a criminal case, by itself, automatically constitutes an overriding interest that overcomes the right of public access to court records under Rule 5-123(G)(1)(a). Neither the language of Section 31-20-13 nor Rule 5-123 support such a view. The language of Section 31-20-13 does not expressly grant the district court the authority to automatically seal records related to any type of plea hearings or adjudications prior to the entry of the conditional discharge order. *See* § 31-20-13(A) (providing that "[w]hen a person who has not been previously convicted of a felony offense is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation"). Nor does any provision of Rule 5-123 provide that sealing should automatically occur in cases involving conditional discharges. Thus, neither the statute nor the rule offer any express or implicit indication that the Legislature or the Supreme Court intended for all defendants who receive conditional discharges to be automatically entitled to an overriding interest in the privacy of their court records that overcomes the right of public access.

{11} Next, although Defendant argues that he met the requirements of Rule 5-123(G) based on documentary evidence that he presented to the district court, the appellate record does not include this evidence. While Defendant cites to certain documentary exhibits attached to his motion and a proposed order throughout his briefing, our

8

review of the entire record proper in this case reveals that these documents were not included in the record on appeal. Generally, "[i]t is [D]efendant's burden to bring up a record sufficient for review of the issues he raises on appeal." *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195; *see* Rule 12-212 NMRA (governing the designation of exhibits on appeal). We granted Defendant's motion to supplement the record proper with the documents that he alleged were missing or under seal in the district court, thereby giving Defendant an opportunity to obtain these records. Subsequently, our written order was amended to indicate that the proposed order referenced by Defendant throughout his briefing was not filed in the district court and therefore was not part of the record. Consequently, we are unable to consider any assertions made by Defendant based on the contents of the proposed order. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."); *State v. Cumpton*, 2000-NMCA-033, ¶ 20, 129 N.M. 47, 1 P.3d 429 (stating that "[c]ounsel should not refer to matters not of record in their briefs"). As for the remaining documentary exhibits referenced throughout Defendant's briefing, these exhibits, for unknown reasons, were not supplemented in the record on appeal. Consequently, the only documents before us on the issue of sealing are Defendant's two-page motion to seal and a supplemental memorandum summarizing case law on sealing in other jurisdictions. In both of these motions,

Defendant offered no explanation as to how his request for sealing meets the requirements of Rule 5-123(G).

{12}     Because the evidence that Defendant relies upon on appeal is simply not in the record before us, Defendant is unable to show this Court that he would have been able to establish below that he was entitled to sealing of portions of his criminal records under Rule 5-123(G).  In light of the deficiencies in the record, we cannot engage in meaningful review of the district court's exercise of its discretion in denying Defendant's request for sealing.

{13}     Moreover, even if we were to accept as true Defendant's factual assertions regarding what the evidence shows—i.e., that he has suffered employment and other consequences as a result of his criminal records—we observe the very limited nature of Defendant's argument.  Defendant's argument in his brief in chief is confined to a single paragraph in which he simply states with little to no explanation that the conditional discharge statute is an overriding interest, that there has been an "extraordinarily negative effect" on his life as a result of the information contained in his records, and that his request for sealing is "narrowly tailored."  He also asserts elsewhere that the district court's finding was not supported by substantial evidence but fails to explain why this is the case.  In order to establish that the district court abused its discretion, Defendant must do more than simply make these assertions. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d

1076 (explaining that the appellate court "will not review unclear arguments, or guess at what [a party's] arguments might be"). Based on the foregoing, we affirm the district court's denial of Defendant's motion to seal portions of his criminal records.

**Inaccuracies in Defendant's Online Records**

{14}     As a final matter, Defendant argues that the district court incorrectly determined that Defendant's records in the court's online case lookup system were accurate. We agree with Defendant that his records contain errors; specifically, the criminal charge details show that the final disposition in the matter were guilty pleas on certain counts. *See State v. Ring*, D-0202-CR-199803258, D-0202-CR-199801452, New Mexico Courts Case Lookup, *available at* https://caselookup.nmcourts.gov/caselookup/app. However, upon Defendant's successful completion of the terms of his probation, the district court entered an amended order of conditional discharge dismissing the charges against Defendant with prejudice. Because "the successful completion of probation under the terms of a conditional discharge results in the eradication of the guilty plea or verdict[,]" the final disposition in Defendant's online records should have reflected a dismissal with prejudice rather than the guilty pleas that the records currently show. *State v. Fairbanks*, 2004-NMCA-005, ¶ 10, 134 N.M. 783, 82 P.3d 954. We note that the State acknowledged at the hearing below that the online records were incorrect with respect to the final disposition. And on appeal, the State indicates

11

that remand to the district court for the purpose of correcting the online records would be appropriate. We therefore reverse the district court with respect to this issue and remand for the court to enter corrections in the online case lookup system as to the final disposition in Defendant's case.

**CONCLUSION**

{15}    For the foregoing reasons, we affirm the district court's order denying Defendant's request to seal portions of his court records. However, to the extent that there are inaccuracies in Defendant's records on the online case lookup system, we reverse and remand for the district court to issue corrections in accordance with this Opinion.

{16}    **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**

12