This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JERRY STOCKSTILL,**

Petitioner-Appellant,

v.                                                                    **No. A-1-CA-37904**

**STATE OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Kennedy, Hernandez & Associates, P.C.
Paul John Kennedy
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Petitioner appeals from the district court's order dismissing his Rule 5-803 NMRA petition for post-sentence relief for untimeliness. In this Court's notice of proposed disposition, we proposed to summarily vacate the judgment and remand for further proceedings. [CN 1, 9] The State has filed a response informing this Court that it does not intend to file a memorandum in opposition, and it agrees with our proposed disposition. [State's Response 1] Accordingly, for the reasons stated in our calendar notice, which we briefly set forth below, we vacate the judgment of the district court and remand for further proceedings.

**{2}**     As we stated in our calendar notice, the district court's failure to make or accept from the parties essential findings of fact and conclusions of law precludes meaningful review and requires remand. With the absence of factual findings or legal conclusions, and given the numerous legal and factual disputes between the parties, we are unable to discern the basis on which the district court dismissed the petition. The lack of case law applying the provisions of Rule 5-803 likewise makes it difficult for us to presume the basis for the district court's summary decision. The district court could have reached its conclusion on any number of grounds, and we are not inclined to address every potential and novel legal basis for the district court's dismissal in this case.

**{3}**     For example, our notice recognized that although Petitioner filed the petition several years following his release from incarceration, the district court's order provides no indication as to why it determined the petition was not filed within a reasonable time, in light of his claims of actual innocence and newly-discovered evidence. We likewise cannot discern the basis for the district court's apparent conclusion that there was an absence of "good cause, excusable neglect, or extraordinary circumstances beyond the control of . . . [P]etitioner" to justify the late filing, or, alternatively, whether the district court failed to consider these factors. *See* Rule 5-803. Petitioner sets forth a variety of reasons as to why he contends this matter could be deemed timely or could fall within these categories; including, his claims regarding the newly-discovered evidence, intimidation of potential witnesses by the prosecutor, failure by the prosecutor to disclose exculpatory evidence amounting to a fraud upon the court, ineffective assistance of counsel, and claims of actual innocence. [2 RP 352-98, 439-49] In this case, the basis for the district court's decision to depart from the manner in which extraordinary circumstances have been defined in other contexts is unclear. *See, e.g.*, *Toth v. Albuquerque Police Dep't*, 1997-NMCA-079, ¶¶ 8-10, 123 N.M. 637, 944 P.2d 285 (discussing judicial authority to expunge criminal records and suggesting that "extraordinary circumstances" may include "factual innocence").

**{4}**     For the reasons stated in our notice of proposed disposition and herein, we conclude that the lack of findings and conclusions entered in this case prevents this Court from engaging in meaningful appellate review. Accordingly, we vacate the judgment of the district court and remand, to permit the district court to hold an evidentiary hearing, if necessary, and to enter findings and conclusions that adequately address whether the petition was filed within a reasonable time, or whether good cause, excusable neglect, or extraordinary circumstances beyond the control of Petitioner justified filing the petition beyond a reasonable time.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**